JAMES J. NEALIS, as Receiver, etc., Respondent, *v.* AMERICAN TUBE AND IRON COMPANY, Appellant.

*Temporary receiver — the notice required by 2 R. S. 469, § 70, need not be given by a temporary receiver — pleading and proof of corporate insolvency — qualification of the receiver — notice to Attorney-General.*

In an action brought by a receiver of a corporation to set aside a judgment entered by the defendant against the corporation, by consent of its officers, and to recover the money realized upon such judgment, the complaint alleged, among other things, the appointment of the plaintiff as permanent receiver; authority to prosecute the action ; the insolvency of the company at the time when the judgment was entered ; that this insolvency was known to the defendant and to the officers of the corporation when the latter consented that the judgment be entered, and that the offer of the officers of the corporation upon which the judgment was entered was intended to give preference to the defendant in the action over other creditors.

Upon the trial the plaintiff proved the facts alleged. The complaint did not allege, nor was it proved, that the plaintiff was appointed a receiver in a creditor's action, or ever gave the notice of his appointment as receiver required by 2 Revised Statutes, 469, section 70, and although the plaintiff alleged in his complaint that he was a permanent receiver, no proof of that fact was given, and the evidence admitted without objection showed that he was a temporary receiver, and the court upon the decision of the case conformed the pleadings to the proof in that particular.

*Held,* that the provisions of 2 Revised Statutes, 469, sections 70 and 72, to the effect that receivers immediately after their appointment shall give a certain notice, does not apply to a temporary receiver ;

That section 1788 of the Code of Civil Procedure in regard to temporary receivers, requiring them to qualify as prescribed by law for the qualification of permanent receivers, applies only to those things which a receiver must do in order to qualify him to act as such receiver and not to his proceedings after his qualification;

That an objection that the corporation should have been a party to the action, as the omission appeared upon the face of the complaint, should have been taken by demurrer and could not be raised by answer;

That the allegation of the complaint that the corporation was insolvent was sufficient without specifying the other existing creditors, and the fact proved on the trial that suits were pending and judgments were about to be entered against it at the time of the offer of judgment, was sufficient to establish the fact that other creditors were injured by reason of such offer.

The fact that judgments are being entered against a corporation and that it is unable to meet these obligations establishes a condition of insolvency.

It is not required by chapter 378 of the Laws of 1883 that the Attorney-General should have notice of every suit brought by a receiver by authority of the court.

APPEAL by the defendant, the American Tube and Iron Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of May, 1893, upon the decision of the court after a trial at the New York Special Term.

*P. Q. Eckerson,* for the appellant.

*Walter Large,* for the respondent.

VAN BRUNT, P. J.:

This action was brought by the plaintiff, as receiver of the New York Supply Company, to set aside a judgment obtained by the defendant against said New York Supply Company, and for a recovery of the money realized upon said judgment.

The answer consisted of a general denial and an allegation that the New York Supply Company was a necessary party to the action.

The complaint alleged that the plaintiff was appointed permanent receiver of the New York Supply Company (Limited), and that he qualified as such receiver, and took possession of the property and effects of said company, and that in June, 1889, this court made an order authorizing and directing him to commence and prosecute this action. It further alleged that the defendant was a foreign corporation, and that in October, 1888, the New York Supply Company was insolvent and wholly unable to pay its debts, which was well known to its officers and also to the defendant; that on or about the thirtieth of said October, the defendant began an action against the New York Supply Company as defendant by service of a summons upon its treasurer; that on the same day the said company by its attorney offered to allow judgment, which offer this defendant accepted, and judgment was thereupon entered on the thirty-first of October; that this defendant issued an execution upon said judgment, levied on property of said company, which was sold and realized the sum of $578.50, and $77.47 sheriff's fees. It further alleged that, at the time of the offer of judgment and the acceptance thereof, the supply company was wholly insolvent, and that said offer was made with the intention to give a preference to the defendant in this action over other creditors of said corporation, and

judgment was demanded declaring the offer of judgment and the acceptance thereof, and the judgment and the execution issued thereon to have been fraudulent and void and of no effect as to this plaintiff as receiver, and adjudging that the defendant pay to the plaintiff as receiver said sums of money.

Upon the trial the plaintiff proved these facts, and also that, at the time of the entry of this judgment, suits were pending against the New York Supply Company, and that judgments were entered at or about that time for a considerable amount. The court found from this evidence that, at the date of the offer of judgment, the New York Supply Company was insolvent and unable to pay its debts, and that such condition was known to the treasurer and general manager thereof at the time when they authorized said offer of judgment to be made, and also to the defendant; and that said offer was made in contemplation of such insolvency; and granted the relief asked for in the complaint.

It is urged upon this appeal that the defendant's motion to dismiss the complaint should have been granted because the complaint did not state a cause of action, nor was such a cause of action made out by the evidence. It is urged that it was neither alleged nor proved that the plaintiff, who was appointed receiver in a creditor's action to sequestrate property of the judgment debtor, the New York Supply Company, ever gave or published notice of his appointment as receiver, and that before publishing such notice he could not as such receiver maintain this action. And reliance is placed upon the provisions of 2 Revised Statutes, 469, section 70, which is to the effect that receivers, immediately after their appointment, shall give notice which shall contain the same matters as are required by law in notices to trustees of insolvent debtors; and by section 72 it is provided that after the first publication of the notice every person in possession of any property belonging to such corporation and indebted to such corporation shall account and answer for such debt, and for the value of such property, to said receivers. It is urged that the allegation of the complaint being that the plaintiff was a permanent receiver, this provision applied, and he could not maintain this action. It is true that the complaint did aver that the plaintiff was a permanent receiver, but no proof was given, and the evidence, which was admitted without objection, showed that he was

a temporary receiver, and the court, upon the decision of the case, conformed the pleadings to the proof in that regard and held that the provision did not apply to a temporary receiver.

It is urged, however, upon the part of the appellant, that there is no distinction in this regard between temporary and permanent receivers, because section 1788 of the Code, relating to temporary receivers, provides that a temporary receiver has power to receive debts, etc., of a corporation, and also that a temporary receiver must qualify as prescribed by law for the qualification of a permanent receiver.

It is undoubtedly the fact that in referring to qualifications no reference is made to the proceedings of the receiver after his appointment, but rather to those things which he must do in order that he may act at all. Section 66 of the Revised Statutes provides what a receiver shall do in order to qualify himself for his office. It provides that a receiver, before entering upon the duties of his appointment, shall give security to the People in such penalty as the court shall direct, conditioned for the faithful discharge of his duties as receiver, and accounting for all moneys received, etc. And it is to this provision that the Code refers when it provides that a temporary receiver must qualify as prescribed by law for the qualification of a permanent receiver.

The objection that the Attorney-General does not appear in the action in any way, and that no papers appear to have been served on him officially, certainly is not well taken. A receiver is not bound to give the Attorney-General notice of every suit which he may be authorized by the court to commence. Notice of all proceedings in respect to the dissolution of a corporation, and the distribution of its assets, is required to be given to the Attorney-General by the receiver. But chapter 378 of the Laws of 1883 cannot be given any such extended interpretation as is claimed by the appellant.

The further objection is raised that the New York Supply Company should have been made a party to the action. It is sufficient to say that such objection appeared upon the face of the complaint, and, not having been taken by demurrer, cannot be raised by answer. (Code, §§ 498, 499.)

The claim that there was no allegation of any other existing creditors of the New York Supply Company at the time of the

alleged offer of judgment, or of any injury occurring to any creditors by reason of such offer, and that, therefore, the complaint is defective, is not well founded. The allegation is that the company was insolvent, and that its officers knew it, and the defendant knew it, and that this offer was made in contemplation of insolvency. It appeared from the evidence in the action that suits were pending, and that judgments were about to be entered at the time of the offer, and yet it is claimed upon this argument that there is no evidence that any creditors were injured by reason of the alleged offer of judgment. It is claimed that several judgment rolls were offered in evidence, but no judgment docket or record or other evidence showing that any such judgment remained unpaid or was unsatisfied; and that unless it appeared that some of the creditors were injured by the offer of judgment, the action could not be sustained; and further, that there was no evidence in the case that the company was insolvent at the time of the offer, nor that the offer was made in contemplation of such insolvency, but, on the contrary, was solvent at the time of making such offer, and so represented to the defendants.

This is giving a force to the representations of the officer of an insolvent corporation which has certainly not as yet received the sanction of courts of law. Judgments were being entered against it, and it was unable to meet its obligations, according to the proof presented; and even the defendants in this action, upon their execution, were unable to realize their judgment. If this does not show a condition of insolvency then it is difficult to see what character of proof would establish such fact.

The evidence in the case seems to fully establish the findings of the court below, and the judgment appealed from should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment affirmed, with costs.