## Van Cleef *vs.* Sickles.

Where one of several judgment debtors is insolvent, and wholly destitute of property, it is not necessary to make him a party to a creditor's bill to obtain satisfaction of the judgment out of the equitable interests or choses in action of the other defendants; but the fact that he is thus destitute of property must be distinctly averred in the bill, or the defendants may demur for want of parties.

All the judgment debtors may be made parties to a creditor's bill, if any of them, or all of them collectively, have property exceeding $100 which could not be reached by the execution at law; and one of the defendants, who is entirely destitute of property, will not be entitled to costs, unless the complainants have unnecessarily compelled him to appear and answer instead of taking the bill as confessed against him.

Where one of the defendants in the judgment was not served with process in the suit at law, it is proper to make him a party to a creditor's bill against the other judgment debtors, for the purpose of enabling the other defendants to claim contribution against him for the satisfaction of the complainant's debt, if they should be compelled to pay the same.

THIS was an appeal from a decretal order of a vice chancel- August 4. lor, overruling the defendant's demurrer on the record, and permitting the complainant to amend, after the allowance of a demurrer ore tenus.   The object of the suit was to obtain satisfaction of a judgment, recovered against the defendant Sickles and others, after the return of an execution unsatisfied. From the bill it appeared that the action at law was upon a promissory note, drawn by William Moore and Alfred Moore, as copartners, and endorsed by Sickles, Smith and Fletcher, who were also copartners.   The action was brought against the drawers and endorsers jointly, under the act of April, 1832; but A. Moore, one of the drawers, and B. Smith, one of the endorsers, were not served with process.   The judgment was in the usual form, against all the defendants.   But upon the back of the execution there was an endorsement to the following effect: "The process by which this action was commenced was not served on A. Moore, nor on B. Smith; therefore levy on the sole property of W. Moore, G. G. Sickles and T. G. Fletcher, and also on the personal property owned

by W. Moore, as a partner with A. Moore, and also on the personal property of G. G. Sickles and T. G. Fletcher, owned by them as copartners with B. Smith." The complainant, after stating the return of the execution by the sheriff unsatisfied, and that the whole amount of the judgment still remained due, over and above all prior just claims of the defendant, by way of set off, or otherwise, and that the defendant Sickles had equitable interests, &c.; to the value of $100 or more, stated as a reason for not making W. Moore, A. Moore, B. Smith and T. G. Fletcher parties to the bill, that from the information he had received, and from the advice of his counsel thereon, he was fearful that if he made them parties he would be compelled to pay them costs. The defendant demurred to the bill, for want of equity. And he also assigned as causes of demurrer, that the other defendants in the judgment, and particularly the two who had been served with process in the action at law, had not been made parties to the suit in this court. The vice chancellor overruled the demurrer on the record. He sustained, however, certain objections as to the form of the bill, made *ore tenus ;* but permitted the complainant to amend, without prejudice to the injunction.

*A. D. Logan,* for the complainant.

*H. Brewster,* for the defendant.

THE CHANCELLOR. The vice chancellor is right in supposing that it is not necessary to make all the joint debtors, against whom the judgment was obtained, parties defendants to a creditor's bill, provided it distinctly appears in the bill that those who are not joined in the suit are wholly insolvent and destitute of property. In such a case it would be a useless expense to proceed against those who have nothing to contribute, either to the satisfaction of the complainant's demand, or to remunerate their co-defendants, whose equitable interests or choses in action might be taken and applied to the satisfaction of the joint debt. The result, however, of joining all the defendants in the judgment, as parties to the bill in this court, would not be such as is supposed by the vice chancellor.

To sustain the suit here, it is not necessary that each of the defendants should have property to the extent of $100. It is sufficient if all the joint debtors collectively have property, which is properly applicable to the satisfaction of the judgment, which exceeds, in the aggregate, the sum or value of $100. And even if one of the joint debtors should happen to be entirely destitute of property, it would afford no sufficient ground for charging the complainant with his costs, unless in a case in which that particular defendant had been unnecessarily compelled to answer the bill. Where there are joint debtors, if any of them have property, which cannot be reached at law, sufficient to authorize the commencement of a suit here, the complainant has a right to make all the joint debtors parties, if he thinks proper to do so. And where he neglects to make them such parties, those who are proceeded against separately may demur for want of parties, unless a sufficient excuse is shown, by proper averments in the bill. Even in cases where one of the joint debtors has not been served with process in the suit at law, so that the complainant would not be authorized to proceed here for the purpose of reaching the separate propty of that joint debtor directly, it may notwithstanding be proper to make him a defendant in the bill; so that his co-defendants may claim contribution for the satisfaction of the complainant's debt, if they should be compelled to pay the whole.

In this case the vice chancellor has certainly misapprehended the effect of the averment in the bill. The allegation of the complainant, that from the information he had obtained, and the advice of his counsel thereon, he was afraid he should have to pay costs if he made the other joint debtors defendants, is not equivalent to an allegation that those persons are wholly irresponsible and destitute of property. The information upon which the complainant's fears were founded may have been of an entirely different character. If they are wholly destitute of property, the fact should be distinctly averred in the bill, either positively or upon the complainant's information and belief, so that the adverse party may take issue thereon, if he thinks proper to do so, in his plea or answer. And when the complainant is not able to make such aver-

ment, and to sustain it, either by the answer of the defendant, or by the proofs in the cause, he should make the other joint debtors parties to the bill, if they are within the jurisdiction of the court.

It will be seen, in the present case, that the defendant was sued as one of the endorsers of a note, and that the two Moores, one of whom was served with process in the suit at law, were primarily liable, as the makers of such note. Sickles has a right, therefore, to insist that they shall be made parties, so that they may be charged with the payment of the whole debt, in the first instance, if they are not wholly irresponsible and destitute of property.

The decree of the vice chancellor overruling the demurrer must therefore be reversed, with costs, and the demurrer must be allowed. But this is undoubtedly a case in which the complainant ought to be permitted to amend his bill, upon payment of the costs of the demurrer. He is, therefore, to have thirty days to amend his bill, either by making the drawers of the note and the other endorsers thereof parties, or by inserting a distinct averment, that they are insolvent and wholly destitute of property or other means to pay the debt or any part thereof; and the other amendments which were authorized by the decretal order of the vice chancellor. If the amendments are not made within the time prescribed, the bill must be dismissed, with costs ; but without prejudice to the right of the complainant to proceed *de novo,*