Belden v. Munger.

the Referee, and that the order granting a new trial should be reversed.

———◆———

HENRY BELDEN, Appellant, vs. WILLIAM R. MUNGER, Trustee of ROXA BELDEN, Respondent.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

Pending an action for divorce, the husband (Plaintiff) entered into an arrangement with the wife, to transfer to a third party, certain personal property, to be held by him until the action for divorce should be determined, and if the wife did not appear in said action and claim alimony, then the property was to be transferred to a Trustee to hold for the use and benefit of the Defendant. The property was deposited, and the wife neglected to appear, and did not set up any claim for alimony, but after the divorce was obtained, the party 'holding the property refused to deliver it to the Trustee in pursuance of the agreement. In an action to recover the value of the property— *Held* that such an agreement would have been equally against public policy, though the husband and wife had not joined in it, so long as it was the intention of the parties, to effect by means thereof, the dissolution of a marriage contract. The parties to the agreement practiced a fraud upon the Court and the administration of justice, and no action lies to recover under such a contract.

Points and authorities of Appellant.

The agreement set up in the complaint is against the policy of the law, illegal and void, and the Judge erred in refusing to charge the jury. *Fol.* 10, &c ; *Section* 562, *Story on Contracts; Durant vs. Fitley,* 7 *Price R.* 577; 9 *Barn and Cress,* 200, 202.

GOLD T. CURTIS, Counsel for Appellant.

SANFORD & BEVERIDGE, Counsel for Respondent.

*By the Court.*—EMMETT, C. J.—The right of Plaintiff to recover in this action depends upon the following facts which

appear from the record : It seems that one Lucius M. Belden had commenced proceedings in the District Court, to procure a divorce from his wife Roxa Belden. That during the pendency of said action, he entered into an arrangement with her, through the parties to the present action, by which he agreed, in consideration that she would not appear in said action for divorce, and set up a claim to alimony, that he would transfer to Henry Belden, the Defendant herein, four promissory notes, which he then held [against one Charles A. Belden, and which were secured by a mortgage on certain real estate, in trust to be held by said Henry, until said action for divorce should be determined ; and, if said Roxa did not appear in said action, and claim alimony, then to deliver them to Munger, the Plaintiff herein, to be by him held and collected for the use and ₁benefit of said Roxa. That pursuant to said arrangement, the notes were deposited with the Defendant, and the said Roxa thereupon neglected to appear in said action, and did not set up any claim for alimony, and said divorce was accordingly granted by the Court, without any provision for her maintenance—and that after the divorce was thus obtained, the defendant refused, on demand, to deliver the notes to the Plaintiff. The Plaintiff thereupon commenced the present action, alleging in detail the foregoing facts, and that the mortgage was ample security for the notes ; and claiming judgment for the amount of said notes. The answer put in issue all of the facts stated in the complaint, except that concerning the pendency of the action for divorce, and alleged further that the notes were placed in his hands by said Lucius, for the use, and to be disposed of according to the directions of Charles A. Belden, and that before the commencement of this action he had returned them to said Lucius by direction of said Charles. There was no reply, and on the trial the jury returned a general verdict in favor of the Plaintiff for the amount of the notes.

Quite a number of questions as to the rulings and charge of the Court, the sufficiency of the evidence to justify the verdict, etc., were raised during the trial, and on the motion for a new trial, but we think it is only necessary to decide upon

the validity of the contract which lies at the foundation of the action.

Whatever of doubt may have existed as to the end to be accomplished by the agreement set forth in the complaint, is dissipated by the construction put upon it by the parties in their subsequent conduct. It was insisted that the agreement on the part of the wife did not extend beyond what she should receive in lieu of alimony, in the event that the Court should decree a separation; and yet we find that she was very careful not to appear in the action and resist the divorce. This we are satisfied would not have been the case, had not the agreement involved as well her non-appearance in the action, as that she should make no claim to alimony. The language of the contract is in the conjunctive: " That the said Roxa would not appear in said action *and* interpose her claim for alimony, " &c. She evidently understood it as including both, and acted accordingly. Certain it is to our mind, that this contract was the sole inducement for her default in resisting the action. Its sole object was to facilitate the husband in obtaining the divorce sought by the action then pending, by a compromise as to the alimony. 'In effect the parties dissolved the marriage tie existing between them by agreement. The husband agreed to give a certain sum in lieu of the maintainance to which the wife was entitled out of his property, and in consideration therefor, she agreed not to appear in the action, and to make no claim for alimony. There was a flimsy disguise of the real nature of the transaction, by the introduction of third persons as Trustees, but not sufficient for the purpose intended. It is apparent that Trustees were interposed in hope of avoiding the very difficulty we are now considering, and perhaps also to obviate the objection against a husband contracting directly with his wife. But the great objection here is not so much to the parties by whom the contract was made, as to the nature and object of the contract itself. Such an agreemeet would have been equally against public policy, though the husband and wife had not joined in it, so long as it was the intention of the parties to effect by means thereof, the dissolution of a marriage contract.

26

We were advised on the argument that to refuse to enforce this contract would work great hardship in this particular case, because, as was asserted, the wife will be thrown, in the decline of life upon an uncharitable world, without support or maintainance, while the husband is in the enjoyment of ample means, which she assisted in accumulating, and is lavishing them on another whom he has since married. If such be the fact we can but regret it, but it must be remembered that it has resulted from the ill advised contract of the wife in aiding her husband to procure a divorce. Had the Court known that the parties to that proceeding had entered into such an agreement as that sought to be enforced by this action, and that the Defendant therein had received or was to receive a consideration for not appearing and defending, we are warranted in saying that a separation would never have been decreed. The concealment of this agreement, and the conduct of the parties to the proceedings for divorce, were a fraud upon the Court, and the administration of justice, and there is no principle that will warrant us in aiding a party to secure the fruits of a contract, intended, as this was, to practice a fraud both upon the law and the Court that administered it.

The order denying a new trial is reversed and a new trial awarded.