### FRANCE v. FRANCE

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. DIVORCE—DECREE—COLLATERAL ATTACK.
    A wife agreed not to contest an action for divorce brought against her by her husband in North Dakota, he agreeing in return that, if he obtained the divorce, the decree should contain a provision for the payment to her weekly of a certain sum for support. The decree contained the provision stipulated. *Held* that, though the agreement was void, as against public policy, its invalidity was not available in a collateral attack on the decree in a suit afterwards brought by the wife in New York to recover installments due thereunder.

2. SAME—ATTACKING PART OF JUDGMENT.
    That portion of the decree which provided for the stipulated weekly payment for support was not subject to collateral attack.

3. SAME—COLLUSION—EFFECT.
    If the provision for the weekly payment for support was inserted by collusion in order to obtain the decree, it was a fraud on the court, of which both parties were equally guilty, and neither could object.

4. SAME—PROVISION FOR WIFE'S SUPPORT—POWER TO MAKE.
    The provision for the weekly payment for support was a judgment for the payment of money by the husband to the wife, entered by consent by a court having authority to direct it.

5. SAME—CONCLUSIVENESS OF DECREE.
    The provision of the decree not being in the nature of alimony within Civ. Code N. D. § 2761, which provides that when a divorce is granted "for an offense of the husband" the court may compel him to provide for the support of the wife, is not subject to the further provision of that section giving the court power to modify its order, having regard to the circumstances of the parties, and is therefore final and conclusive.

Appeal from special term.

Action by Helen France against Henry H. France. From a judgment for plaintiff entered on a decision of the court without a jury (77 N. Y. Supp. 1015), defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Buchanan, Lawyer & Whalen, for appellant.

G. M. Palmer, for respondent.

¶ 1. See Divorce, vol. 17, Cent. Dig. §§ 549, 550, 723.

KELLOGG, J. This action is brought to recover past-due installments of money adjudged to plaintiff in a decree of divorce obtained by the defendant in North Dakota for the support and maintenance of plaintiff and a minor child, and also promised in a written instrument executed by the husband in North Dakota on the day the decree of divorce was granted. The facts on the trial of this action were agreed upon by counsel for the respective parties, and, so far as the questions which must be decisive of the rights of the plaintiff to a recovery is concerned, are as follows: The plaintiff and defendant were married in the state of New York in 1878. They lived together in this state as husband and wife until June, 1895. On the last-mentioned date they separated, and have not since lived together. In July, 1897, the defendant (husband) went to Dakota to get a divorce. On October 1, 1897, the plaintiff commenced an action for divorce in this state on statutory grounds against the defendant. The defendant appeared in that action. On October 20, 1897, the defendant commenced an action against the plaintiff for a divorce in North Dakota on the ground of desertion, and the plaintiff appeared generally by counsel therein. At some date between October 20th and November 6th the defendant and plaintiff entered into a verbal agreement whereby plaintiff was to discontinue her action in the state of New York, and agreed "that she was not to contest the action commenced in Dakota by the defendant"; that defendant was to pay the plaintiff her costs in the action brought by her and her costs in the North Dakota action, and also pay to this plaintiff $7 per week for support and maintenance of herself and a minor child, such payments to continue during the life of plaintiff, or until she should remarry; that defendant would thereafter execute and deliver to plaintiff a bond and agreement obligating himself to pay the sums specified for support; that, should a judgment of divorce be obtained by defendant in the suit then pending in North Dakota, the decree should contain the same provisions for support and maintenance as are hereinbefore stated. In pursuance of such agreement the plaintiff discontinued her action in the state of New York, "and did not defend the action commenced against her in North Dakota." On the 6th day of November, 1897, a decree of divorce in favor of the husband was granted in North Dakota, the decree containing the stipulated provisions as to payment of $7 weekly to this plaintiff, and on the same day the bond or written agreement stipulated for was executed in North Dakota by the defendant, and is the same agreement and decree this action is based upon. In support of good morals, public policy declares all agreements between husband and wife tending to facilitate a divorce to be void. "No harm will come to the plaintiff or the public from the defendant's not choosing to make and not making a defense. But a bargaining that there shall be none is not permissible, and no promise founded on such an undertaking can be enforced." 2 Bish. Mar. & Div. § 700. The authorities for this proposition are very numerous, and are uniform in all the states. Train v. Davidson, 20 App. Div. 577, 47 N. Y. Supp. 289; Kilborn v. Field, 78 Pa. 194; Stoutenberg v. Lybrand, 13 Ohio St. 228; Belden v. Munger, 5 Minn.

211 (Gil. 169), 80 Am. Dec. 407; Viser v. Bertrand, 14 Ark. 267; Weeks v. Hill, 38 N. H. 199–204. But after a divorce has been granted by a court having jurisdiction of the parties to the action, the vicious agreements which led up to the divorce are not available in a collateral attack upon the judgment. They may be used perhaps, in an application to set aside or modify such judgment in the jurisdiction where it is rendered. The parties having submitted themselves to the jurisdiction of the courts of a sister state, having also jurisdiction of the subject-matter, the judgment entered is conclusive there, and is equally so in every other state. In Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132, the facts were that the parties resided in Massachusetts. The husband went to Chicago to procure a divorce. The wife appeared in the action, and put in an answer. The answer, not being replied to, stood confessed. The parties, however, by collusion, procured to be entered and docketed a formal decree of divorce, by which the parties were declared absolutely divorced. Church, J., said:

"A decree might have been entered by consent. Having jurisdiction of the subject-matter and of the parties, the other questions relating to the pleadings and the form and manner of procedure were matters of regularity merely, for which the judgment cannot be questioned collaterally. * * * A wrong decision does not impair the power to decide, or the validity of the decision when questioned collaterally. * * * A judgment of a sister state cannot be impeached by showing irregularity in the forms of proceeding, or a noncompliance with some law of the state where the judgment was rendered relating thereto, or that the decision was erroneous. Jurisdiction confers power to render the judgment, and it will be regarded as valid and binding until set aside in the court in which it was rendered. It is insisted, however, that the judgment is void for fraud. * * * No ground is alleged by either against the other, and neither could assert that it was not a valid judgment, as they were both equally guilty of the fraud."

And the court repeats with approval the language of Savage, J., in Shumway v. Stillman, 6 Wend. 447:

"An examination of the cases results in the establishment of the following proposition: That the judgment of a court of general jurisdiction in any state of the Union is equally conclusive upon the parties in all the other states as in the state in which it was rendered. This, however, is subject to two qualifications: First, if it appear by the record that defendant was not served with process, and did not appear in person or by attorney, such judgment is void; and, second, if it appear by the record that the defendant appeared by attorney, the defendant may disprove the authority of such attorney to appear for him."

The contention of the appellant that the court of North Dakota had no power to insert in the decree a provision for the defendant's support, the decree being based upon her misconduct, is fully answered, I think,—First, by its being a part of a decree which in all other respects, it is conceded, the court had power to make, and no portion of the decree can be questioned collaterally; second, this provision was inserted by the agreement of the parties. If it had not been inserted, it may well be presumed that there would have been no decree at all. If this was done by collusion, in order to obtain the decree, then it was a fraud upon the court, in which both parties were equally guilty; and, as held in Kinnier v. Kinnier, supra, neither party can now allege the fraud to secure a further benefit. Nor is it at all clear that the

court, by agreement of parties, did not have power to make this provision in the decree for the defendant. It was held in Glynn v. Glynn, 8 N. D. 233, 77 N. W. 594, that the statute did not authorize such a provision as alimony to a defendant found guilty of misconduct, and for such reason it could not be enforced in that state by the method of procedure given when alimony was properly granted; that is, by proceedings for contempt for failure to comply with the order of the court. But the court in that case seems to regard it as properly a part of the decree, having been inserted upon stipulation of the parties; and the judgment as enforceable by execution as are other moneyed judgments rendered upon contract. I am of the opinion that it is a judgment for the payment of money by plaintiff to defendant entered by consent by a court having authority to direct it, and it is, to the plaintiff in that action, res. adjudicata.

This provision of the decree not being in the nature of alimony, as authorized by section 2761 of the Civil Code of North Dakota, is not subject to the provisions of that section giving power to the court to modify its orders having regard to the circumstances of the parties. It is, therefore, not chargeable with having an inconclusive character, such as was, in Lynde v. Lynde, 162 N. Y. 418, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332, imputed to the decree for future payments of alimony under the statute of New Jersey. That this judgment is final as to the payments to be made to this plaintiff is evidenced by the agreement between the parties upon which the judgment is based. The fact that the money adjudged to be paid is to be paid in the future by installments does not make it less enforceable. As to all judgments, "if they once and for all establish a debt or other obligation against a party, the record is available in other jurisdictions. as a foundation for a judgment there." Lynde v. Lynde, 162 N. Y. 418, 56 N. E. 983, 48 L. R. A. 679, 76 Am. St. Rep. 332; Barber v. Barber, 21 How. 582, 16 L. Ed. 226.

I advise that the judgment be affirmed, with costs. All concur.