### SOMMER v. SOMMER et al.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. RESUMPTION OF MARRIAGE RELATION—CONTRACT FOR SUPPORT—CONSIDERATION.

The discontinuance of a wife's action for separation, in which she might have procured temporary alimony and counsel fees, and, if successful, a permanent award of alimony, is a sufficient consideration for an agreement by the husband to support her, failing which she shall become vested with her dower interests in his realty.

2. SAME—PUBLIC POLICY.

A contract for the resumption of the marriage relation, providing that if the husband shall desert the wife, or fail to support her, she shall im-

mediately become vested with her dower interest in his realty, is not against public policy, but in harmony with it.

**3. SAME—DOMESTIC RELATIONS LAW.**

A contract for the resumption of the marriage relation, providing that if the husband shall desert the wife, or fail to support her, she shall become immediately vested with her dower interest in his realty, is not 'in contravention of Domestic Relation Laws (Laws 1896, p. 220, c. 272) § 21, providing that a married woman may contract as if unmarried, except that she may not agree to alter or dissolve the marriage, or relieve the husband from liability for her support.

**4. SAME—PERFORMANCE BY WIFE—NECESSITY.**

A wife's failure to faithfully discharge her marital obligations constitutes a complete defense to her action to recover on a contract which provided for the resumption of such relations, and that, if the husband should desert or fail to support her, she should become immediately vested with her dower interests in his realty.

**5. SAME—EXTENT OF RECOVERY.**

Under a contract by which a husband covenanted that, when he ceased to live with or support his wife, she should "immediately become vested with her dower interest in" certain described property, and "should then be entitled to collect one-third of the amount of rent due" to the husband, "during her natural life," the wife has but a life interest, so that her executrix can recover one-third of the income from the husband's breach of the contract only to the date of the wife's death.

**6. JUDGMENT—ABSENCE OF DECISION—EFFECT.**

A judgment entered in favor of a defendant, without any decision as to the plaintiff's rights, is without authority.

**7. SAME—CORRECTION OF ERROR.**

The entry of a judgment without a decision to support it will be corrected by remitting the case to the trial court for decision, and entry of judgment in conformity therewith.

**8. SAME—DECISION OUTSIDE RECORD—EFFECT.**

The Supreme Court on appeal cannot take cognizance of the decision of the court below which is not contained in the record.

**9. DOWER INTEREST—VESTING DURING WIFE'S LIFETIME—CONTRACT—LIABILITY OF HUSBAND'S CO-TENANT.**

A contract between husband and wife for the resumption of the marriage relation, providing that, if the husband desert or fail to support the wife, she shall become immediately vested with her dower interest in a certain piece of realty of which he is co-tenant with another, gives the wife, on its breach, no cause of action against the husband's co-tenant.

Laughlin, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Helena Sommer against Frederick W. Sommer and another. From judgments for costs entered in favor of each defendant on a decision of the court, plaintiff appealed. After the appeal, plaintiff died, and the appeal was thereupon revived in favor of Elizabeth Monday, as executrix of plaintiff's last will and testament. Affirmed in part, and reversed in part.

The action is brought to enforce the following agreement:

"Whereas differences have lately existed between the said Frederick W. Sommer, and the said Helena Sommer, his wife, which resulted in an action for separation instituted by the said party of the second part against the party of the first part, and whereas the said parties have settled their differences, and have become reconciled, and said Frederick W. Sommer has promised and agreed in consideration of the withdrawal of said suit for separation by his wife Helena Sommer, to resume with her their former relations as husband and wife, and in case of his failure to keep his said promise and agreement, that in such event he would convey to her certain rights in and

to any real property owned by him as hereinafter more specifically provided, now this indenture:

"Witnesseth: that the said Frederick W. Sommer in pursuance of the aforesaid proposal and agreement, doth hereby for himself, his executors, administrators and assigns, covenant, promise and agree with the said Helena Sommer, his wife, that whenever he ceases to live with her or to support her, the said party of the second part should immediately become vested with her dower interest in and to the property known and designated as 8 Second Avenue, in the City of New York, and which the said party of the first part is one-half owner by virtue of a deed of conveyance made and executed by Josephine Vogel, his sister on or about the day of —— 1900, and that the said Helena Sommer should then be entitled to collect one-third of the amount of rent due to said Frederick W. Sommer, for his half interest in said premises during her natural life."

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles Goldzier, for appellant.
Frederick W. Sommer, in pro. per.

HATCH, J. At the time of making the contract the wife had brought an action for separation, and the defendant Sommer prior thereto had brought an action for an absolute divorce, and, upon a trial had, was defeated. The action for separation remained pending. In that action the plaintiff might have procured from the court an award of alimony and counsel fee, and, in the event she was successful, procured a permanent award of alimony. It was therefore to the substantial benefit of the defendant to procure a discontinuance of that action, as by so doing he would relieve himself from contingent liability in this respect. This condition furnished a good consideration for the agreement. Adams v. Adams, 91 N. Y. 381, 43 Am. Rep. 675. The contract provided for the resumption of the marital relation, and, instead of being against public policy, was in harmony with it. The continuance of the marital relation is always regarded, in the law, as a relation to be promoted and maintained. It frowns upon agreements for its destruction, and smiles upon agreements which restore its relation when interrupted. Train v. Davidson, 20 App. Div. 577, 47 N. Y. Supp. 289. This agreement is not in contravention of the domestic relations law (Laws 1896, p. 215, c. 272). By section 21, p. 220, a married woman is made free to contract as if she were unmarried; the only limitation being that she may not contract to alter or dissolve the marriage, or relieve the husband from his liability to support her. By virtue of the contract the relation was restored, and the defendant was only required to discharge his marital obligation, to relieve himself from charge under the contract. The obligation, however, rested upon the plaintiff to perform faithfully the marital obligations which devolved upon her, and, if she failed in these respects, it constituted a perfect defense to any action to enforce the contract, for thereby she would be enabled to take advantage of her own wrong. The defendant Sommer avers in his answer that the plaintiff violated her marital obligations in several particulars, and he gave evidence in support of such averments. Thereunder the court would have been authorized to find that the plaintiff was guilty of a

breach of her marital obligation, and, in consequence, not authorized to enforce the contract. Assuming that the defendant was guilty of a breach whereby the plaintiff was authorized to enforce her rights under the contract, the question arises as to what such rights are. By its provisions she becomes entitled upon a breach to be immediately vested with her dower rights and interests in any real property the defendant may possess, and especially in a designated piece of property. The interests which she obtains, therefore, is represented by one-third, and the provision of the contract is that she shall be entitled to collect "one-third of the amount of rent due to said Frederick W. Sommer, for his half interest in said premises during her natural life." It is evident, therefore, that this contract did not give the plaintiff any title to the land. It stipulated for a third of the income of the property during her natural life. The purpose is plain. She was to have and receive one-third of one-half of the income which the property produced; this to continue during her life. Consequently when she died all her right and interest therein ceased. The result of this conclusion is that, if the plaintiff be entitled to recover, her right of recovery is measured by the income of one-third of one-half from the date of the breach of the contract down to the date of her death. This, of course, is based upon the assumption that her proof is sufficient for the court to find that she is entitled to recover. If she violated her marital obligation, she takes nothing by virtue of the contract. The difficulty with the case is that, as to the plaintiff's rights as against the defendant Sommer, there has been no decision by the court below. A judgment has been entered in favor of the defendant Sommer, but such judgment has no decision for its support, so far as is disclosed by the present record. The result of this omission is to leave no authority for the judgment. Reynolds v. Ætna Life Ins. Co., 6 App. Div. 254, 39 N. Y. Supp. 885; Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992. This can be corrected by remitting the case to the trial court for decision, and, when decided, judgment may be entered in conformity therewith. The attention of this court has been called since the argument of this case to the existence of what is claimed to be a decision by the court below. It is sufficient to say in answer thereto that the court can only decide the questions presented by a record properly certified by the court below and by the clerk of the court. Upon the record now before us, and upon the certification of the case by the court, and of the judgment roll by the clerk, no decision has been made. Consequently we have no alternative but to return the case and record to the court below for its decision.

So far as the defendant Vogel is concerned, a decision has been made by the court in her favor. The proof given upon the trial was sufficient to warrant the decision which was made, and the judgment which was entered. She makes no claim which is in the slightest degree antagonistic to the plaintiff's rights in the premises, if she have any. She is a tenant in common with the defendant Sommer, and, as such, receives her proportion of the rents and income of the property. The plaintiff has no interest whatever in

the sums she receives. As to her, the judgment is clearly right, and should be affirmed, with costs. As to the defendant Sommer, the judgment should be set aside, and the case is remitted to the court for its decision, without costs of this appeal to either party.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur.

LAUGHLIN, J. I concur in result, but am of opinion that the agreement is not enforceable. The abandonment of her action constituted a good consideration for any unconditional agreement for the payment of money that the wife saw fit to exact. I regard the agreement in advance for the settlement of any future difference that might arise between husband and wife after resuming marital relations as against public policy, in that it was calculated to produce discord for the purpose of enabling the wife to secure the property rights thus agreed to be given, and was, therefore, a constant menace to domestic peace.