(112 App. Div. 853)

SCHLESINGER v. KLINGER.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. DIVORCE—DECREE—VALIDITY—COLLUSION—PUBLIC POLICY.

A wife brought suit for a limited divorce for alleged cruel and inhuman treatment. The parties consented to a separation, but the husband insisted that the decree should be entered on the ground of nonsupport. A stipulation was presented to the court, executed by the husband and wife, by which the former acknowledged that the wife had a good cause of action on the ground of nonsupport, and that he consented in open court to the entry of judgment for separation on that ground, requiring him to pay $40 a week alimony, counsel fees, etc., to be secured by bond with surety, on consideration of which the wife agreed to execute a release of dower. The court, before acting, personally and searchingly interrogated the wife as to the nature of her action against her husband, and her knowledge of the stipulation and its effect, and, satisfactory answers being obtained, entered the decree. Held, that such decree was neither fraudulent, collusive, nor contrary to public policy.

**2. DOWER—RELEASE—VALIDITY.**

> Real Property Law 1896, § 186, Laws 1896, p. 587, c. 547, declares that a woman who is divorced from her husband may release to him, by an instrument in writing sufficient to pass title to real estate, her inchoate right of dower in any specific real property, either then owned or that might subsequently be acquired by him. *Held* that, where a wife, pursuant to a valid divorce decree, executed for a sufficient consideration a valid release of her dower in all her husband's land that he then owned or that he might thereafter acquire, she was estopped thereafter to claim any dower interest in his land, so that a deed to land by the husband accompanied by such release vested the full title to the property conveyed in the grantee.

Submission of controversy on agreed statement of facts between Adolf Schlesinger and Louis Klinger. Judgment for plaintiff.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

M. Harold Hochdorf, for plaintiff.

Elias B. Goodman, for defendant.

PATTERSON, J. By the agreed statement of facts upon which the controversy between the parties to this record was submitted, it appears that the plaintiff contracted to sell and the defendant to buy a parcel of real estate situate in the borough of Manhattan, in the city of New York, and at the time named in the agreement for the completion of the transaction the plaintiff tendered a deed executed by himself alone, and a release of dower made to him by his wife. The defendant refused to take title, claiming that, notwithstanding the release, the premises were still incumbered by an inchoate right of dower. The release tendered was executed by Celia Schlesinger, the plaintiff's wife, on May 18, 1905, and by its terms she—

> "Remised, granted, released, and forever quitclaimed * * * unto the said Adolph Schlesinger [the plaintiff], his heirs and assigns forever, all the dower and thirds, right and title of dower and thirds, and all and every right, title, interest, property, claim, and demand whatsoever, in law or equity, of me, the said Celia Schlesinger, of, in, and to all and every messuages, lands, tenements, and real estate and real property whereof the said Adolph Schlesinger is now seized or possessed, or may hereafter be seized or possessed or acquire, so that I, said Celia Schlesinger, my heirs, executors, administrators, or assigns, nor any other person or persons for me, them, or any of them, have, claim, challenge, or remand any dower or thirds, or any other right, title, claim, or demand in and to every and all real property which the said Adolph Schlesinger ever had, now has, or may hereafter have, acquire, or possess."

This release was under seal. Celia Schlesinger on the 16th day of May, 1905, in an action theretofore brought by her against her husband for a limited divorce, procured a decree of separation in the Supreme Court of the state of New York. Two days after the entry of the decree she executed the release above mentioned. The property which the plaintiff agreed to sell to the defendant was acquired by him after the entry of the decree and the execution and delivery to him of the release of dower.

It is provided by section 186 of the real property law of 1896 (Laws 1896, p. 587, c. 547), that:

> "A woman who is divorced from her husband, whether such divorce be absolute or limited or granted in his or her favor by any court of competent

jurisdiction, may release to him by an instrument in writing sufficient to pass title to real estate her inchoate right of dower in any specific real property theretofore owned by him or generally in all such property and such as he shall thereafter acquire."

The terms of this statute being so clear and unambiguous, there can be no doubt that the tender of a deed to the defendant, with a release of his wife's inchoate right of dower, reciting the facts authorizing her to give such a release, would have been sufficient to pass the whole title to the property, the subject of the contract, to the defendant.

It is urged, however, that other facts and circumstances appearing in the agreed statement upon which this cause was submitted, impeach the validity of the release. They are contained in an extract from the record of the trial of the action for a limited divorce between the plaintiff and his wife. The pleadings in the case are not before us, nor does it distinctly appear that the whole record of the trial has been presented to us. It is shown, however, that, when the cause was called for trial, it was stated that the ground upon which the separation was demanded by Mrs. Schlesinger was cruel and inhuman treatment, and that the parties had consented to a decree of separation; but the husband insisted that such a decree should be entered on the ground of nonsupport, not wishing to consent to a charge of cruelty. A stipulation was presented to the court, executed by the husband and wife, by which the former acknowledged that his wife had a good and meritorious, and substantial cause of action upon the ground of nonsupport, and he would consent in open court to the entry of a judgment of separation pursuant to law upon the ground of nonsupport, and to a provision directing and requiring him to pay $40 a week alimony, certain debts of the wife, and an amount to her counsel as compensation for his services, and that the alimony should be secured by the husband's bond, with a sufficient surety; and in the stipulation the wife agreed that upon the granting of the decree to her she would execute a release of dower. When this stipulation was presented to the learned justice sitting at Special Term, he declared that he would have to satisfy himself that the wife understood the nature of the agreement, and thereupon he proceeded to interrogate her by a series of direct and searching questions relating to the nature of the action she brought against her husband, her demand for a separation, the consequences of such separation, her knowledge of the contents of the stipulation, and her understanding thereof in all its details, and the effect thereof, and particularly as to the import and effect of that part of the stipulation which related to her release of dower, and it was upon her satisfactory answers to all the questions put to her by the court of its own motion that the decree was entered; the terms of the stipulation being embodied therein.

There is nothing whatever to show nor to give rise to a suspicion that the suit for separation was collusive. The defendant therein admitted in open court the plaintiff's right to a decree of limited divorce, but desired to save himself from the odium attaching to a charge of cruelty. The release the wife stipulated to give was not without consideration. The consent to the entry of a decree was not fraudulent, and it was not collusive. It was made in open court, subjected to rigid judicial

scrutiny, and cannot be said to be against public policy. The wife being entitled to her decree, and having after its procurement executed the release, that instrument cannot be invalidated simply because of its having been executed in accordance with the previous stipulation embodied in the decree as one of its terms. By that decree the wife secured the fruits of her litigation. She had provided for her an income which was secured to her by a bond with a surety, and upon which she could realize by compulsory process if her husband neglected to pay her. We think there can be no question that Mrs. Schlesinger would be estopped from denying the validity of this release, and that it with the deed from the plaintiff would be sufficient to vest full title in the defendant.

The specific questions propounded are answered in the affirmative, and judgment for the plaintiff must be entered as prayed for by him, without costs to either party as against the other. All concur.

