BLOOM v. BLOOM.

(Supreme Court, Appellate Term.　March 25, 1912.)

CONTRACTS (§ 111*)—LEGALITY—CONTRACTS AIDING DIVORCE.

A contract between persons, who were husband and wife, executed after decree of divorce, the consideration of which was that the wife abandon her appeal from the divorce decree, was not invalid, as collusive or against public policy.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 515–520; Dec. Dig. § 111.*]

Lehman, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Amy K. Bloom against William Bloom.　From an order overruling demurrer to the complaint, defendant appeals.　Affirmed, with leave to answer.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Samuel Blumberg, for appellant.

Perry Allen (Henry Schoonover, of counsel), for respondent.

BIJUR, J.　Plaintiff sues for money agreed by defendant to be paid to her pursuant to an agreement made after the entry of a decree of divorce between the parties.　Defendant demurs, on the ground that the contract is void, as against public policy, because the consideration was plaintiff's agreement to withdraw her appeal from the decree of divorce.

We are cited to no cases in which, after decree entered, the bare agreement of one of the parties to abandon an appeal, or even refrain from appealing, has been held invalid, as necessarily part of a scheme of collusion, or as an element of encouragement to the dissolution of the marriage relation.　On the other hand, the spirit of the decisions, in this state, at least, appears to point to the opposite conclusion.　See Doeme v. Doeme, 96 App. Div. 284, 89 N. Y. Supp. 215; Dodge v. Dodge, 98 App. Div. 85, 90 N. Y. Supp. 438; Schlesinger v. Klinger, 112 App. Div. 853, 98 N. Y. Supp. 545.

The judgment should be affirmed, with $10 costs and disbursements, with leave to defendant to withdraw his demurrer and to serve his answer within six days from the entry of the order entered herewith and service of a copy thereof, upon payment of said costs and disbursements.

GUY, J., concurs.

LEHMAN, J. (dissenting).　The plaintiff sues upon an agreement which sets forth that:

"Whereas, the parties hereto were husband and wife, and have as issue one child, Stella; and whereas, said marriage was dissolved by a decree of the district court of North Dakota, dated May 17, 1899; and whereas, the party of the first part has appealed from said decree, which said appeal is to be heard at the next term of said court; and whereas, the parties hereto are desirous of ending all further litigation between them: Now, therefore,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in consideration of the mutual covenants hereinafter set forth, and of the several sums of money paid on the execution of this agreement and to be hereafter paid, it is agreed as follows."

Thereafter follow agreements by the plaintiff to withdraw her appeal and on the part of the defendant for the payment of certain sums of money. It seems to me that this agreement is contrary to public policy, and therefore void. "In support of good morals, public policy declares all agreements between husband and wife tending to facilitate a divorce to be void." France v. France, 79 App. Div. 291, 79 N. Y. Supp. 579. It is true that, strictly speaking, the relationship of husband and wife had been dissolved, and it is also true that the plaintiff was not bound to appeal from the judgment of divorce already entered. Nevertheless, she had a right to take such appeal, and to test the correctness of the divorce, and by bargaining to withdraw such appeal she has entered into an agreement to facilitate a divorce, to which, I believe, the courts of this state should not give effect. Blank v. Nohl, 112 Mo. 159, 20 S. W. 477, 18 L. R. A. 350.