SUSAN PETTIT, Respondent, *v.* ASA PETTIT, Appellant.

*Court of Appeals, December* 20, 1887.

Affirming same case, 37 Hun, 645, Mem.

1. *Husband and wife.  Agreement.*—An agreement between husband and wife, during a separation and pending an action for limited divorce, that his property should be sold and, after deducting his debts, one third of the remainder paid to her and they were to live apart, is valid, and an action is maintainable to recover the portion of the proceeds agreed to be paid to her.

2. *Same.  Consideration.*—Where the separation between husband and wife exists as a fact and is not produced or occasioned by the contract, the consideration of the husband's agreement to pay is his release from liability for the support of his wife.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the decision of the court.

*Josiah T. Mareau*, for appellant.

*G. S. Carpenter*, for respondent.

FINCH, J.—The plaintiff and defendant are husband and wife, and at the ripe ages of eighty and seventy-three, and after a married life of almost half a century, have quarreled and separated.  The wife brought an action for a limited divorce upon the ground of cruel and inhuman treatment. Pending the trial a settlement was agreed upon, to enforce which the present action is brought.  The substance of that agreement was that the property, real and personal, of the husband, should be sold and converted into money, and after paying his debts to an amount not exceeding six hundred dollars, one-third of the balance remaining should be paid over to the wife, and the parties should live separate.

The property was advertised for sale, as agreed, but before the sale the defendant, through his counsel, demanded the execution by the plaintiff of an agreement to be executed also by two of the sons expressly indemnifying the defendant against any liability for the support of the wife already incurred or that might hereafter accrue. His written contract gave him no such right, and failed to justify any such demand. The wife refused to sign unless the sons did, and they peremptorily declined. The husband indicated a purpose not to carry out his agreement unless the proposed indemnity was executed. In this condition of affairs the sale took place, and the land was purchased by one Schreiber for $5,160, and the sale of the personal property brought the net proceeds up to $5,701, and no more. A contract of sale by husband and wife was executed by them to Schreiber, but when the day for delivering the deed came around, the wife refused to sign except upon receiving her share of the money on the spot. To this she was not entitled, but her unfounded demand grew out of and was occasioned by the husband's unfounded demand of an indemnity.

Schreiber brought a suit to compel a delivery of his deed. Pending that, the new differences were settled by supplemental agreement that the wife should sign the deed and the husband deposit $1,400 to abide the event of the present action, which was expected to be commenced. The costs in the Schreiber suit seem to have been satisfactorily arranged by an agreement with the wife's attorney to pay them out of any costs recovered by the wife in this action. The deed was accordingly signed and the money deposited.

The complaint in the present action sets out the original written agreement, alleges full performance on the part of the wife, and demands performance by the husband to the extent of the one-third of the net proceeds. The latter by his answer raised a new issue, claiming that he signed the agreement under a mistake produced by the

concealment of a material fact by the plaintiff. He avers that he did not know of any claim against him for the previous support of his wife; that two of his sons had such a claim to the amount of $1,000, and the wife knew it; that when the agreement was being made the question was asked, what debts the 'defendant owed, and he answered $600, and that amount was named in the agreement, the wife and sons concealing the fact of the existing claim for support.

The difficulty with this defense is, that it is untrue. It is not shown that at the date of the agreement the two sons had any such claim against their father in fact, or that they were conscious of such a right, or that the wife knew it, if it existed. No competent proof of any such facts was offered or given, and the requests to find prepared by the defendant's counsel to the number of fifteen, cover no such facts, and indeed, do not allude at all to the defense of mistake. It was thus plainly abandoned on the trial and has no proof to support .it. The defendant did not even establish that such a claim had been made upon him subsequent to the agreement.

The questions remaining are as to the validity of the written contract and its force and effect. It is claimed to be against public policy, because by its terms the wife agrees to live separate and apart from her husband. In the pending action for divorce the plaintiff would have been entitled, if successful, to a decree of separation and a suitable allowance from the estate of her husband for her support and maintenance. It is difficult to see how it could be in accord with public policy to award such relief and yet against public policy for the husband to concede it in advance of the decree and as a compromise of the existing litigation. Public policy does not turn on the question whether the husband fights out the quarrel to final judgment. Where the separation exists as a fact and is not produced or occasioned by the contract, the consideration of the husband's agreement

to pay in his release from liability for the support of his wife, Calkins *v.* Long, 22 Barb. 97; Mann *v.* Hulbert, 38 Hun, 27; Carpenter *v.* Osborn, 102 N. Y. 552; 2 N. Y. St. Rep. 520.

A further objection, that the contract was first broken by plaintiff, is answered by the fact already suggested, that her refusal to sign was induced by the unfounded demand of indemnity, and the further fact that she did finally perform, and the defendant has had and accepted the full benefit of such performance.

The judgment should be affirmed, with costs.

All concur, except RAPALLO, J., absent.