Clara G. Whitney, Appellant, *v.* W. Wallace Whitney, Respondent.

4　597
16ap615
4　597
20ap580
4　597
f49　343

*Husband and wife — an agreement by the husband in consideration of their living separate to make certain payments is against public policy.*

The complaint in an action alleged that the parties were husband and wife, and that after their marriage they entered into a contract to live apart as if they were unmarried, in consideration of which agreement the defendant promised to pay the plaintiff the sum of eight dollars a week during life, which he had refused and neglected to do. A demurrer was interposed to the complaint.

*Held,* that the contract was against public policy in that its consideration was a practical dissolution of the obligation of marriage.

Appeal by the plaintiff, Clara G. Whitney, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 28th day of December, 1895, upon the decision of the court rendered after a trial at the Monroe Special Term.

The complaint in the action alleged that the parties were husband and wife; that after their marriage they entered into a contract to live separate and apart as if they were unmarried, in consideration of which the defendant agreed to pay to the plaintiff the sum of

eight dollars per week during the term of her natural life, which sum he neglected and refused to pay. The defendant demurred to the complaint:

*First*, on the ground that it appeared, upon the face of the complaint, that the parties were husband and wife, and had never been divorced or separated by any decree or judgment of any court, and that the plaintiff had no legal capacity to sue, and, further, that the alleged cause of action was an executory contract directly between husband and wife, and was null and void in law.

*Second*, that the complaint did not state facts sufficient to constitute a cause of action.

*C. D. Kiehel*, for the appellant.

*Edward Webster*, for the respondent.

Present — HARDIN, P. J., FOLLETT, WARD and GREEN, JJ.

Interlocutory judgment affirmed, with costs, on the opinion of ADAMS, J., delivered at Special Term.

The opinion of ADAMS, J., at Special Term, was as follows:

ADAMS, J. :

At common law, executory contracts between husband and wife were absolutely void, and no instance of their enforcement by the courts can be found among the reported cases in this State or in England. It is true that courts of equity have upheld what are termed " deeds of separation," by which, through the medium of some third party, acting as a trustee, provision is made by a husband for the support of his wife, although in doing so they have taken occasion to say that such contracts are at variance with the policy of the law, and it was remarked by Lord Chief Justice DENMAN, in *Jones* v. *Waite* (5 Bing. N. C. 341), that " many of the judges who have given effect to them for any purpose, have expressly declared that they adopted them to that extent with reluctance and would have paused if the question had been new." It will be observed, also, that even a court of equity will not interfere to enforce an agreement of this character which is founded upon no other consideration than a mere voluntary separation of the parties, while

in a court of law, until a comparatively recent period, no effect could be given to it, whatever might have been the consideration. (*Beach* v. *Beach*, 2 Hill, 260; *Griffin* v. *Banks*, 37 N. Y. 621.) It is insisted, however, that the common-law rule has been so far modified by statutory enactments that a contract like the one sued upon may now be entered into by husband and wife, and that when thus entered into, it will be enforced by the courts.

That the tendency of legislation in this State for the past fifty years has been to remove the common-law restrictions which hampered a married woman in the enjoyment of her property and personal rights, is a fact well known by every one, and, in order that she might be placed in the exact position of a *femme sole*, the Legislature has recently enacted that she " may contract with her husband or any other person to the same extent, with like effect, and in the same form as if unmarried." (Laws of 1892, chap. 594.) It is difficult to see how less than this could be accorded married women in view of preceding legislation; but, it will be noted, that in this removal of the "last barrier," the Legislature was careful to limit its action to such rights and liabilities as are strictly legal in their nature, and, therefore, we find embodied in the act in question this provision, " but nothing herein contained shall be construed to authorize the husband and wife to enter into any contract by which the marriage relations shall be altered or dissolved, or to relieve the husband from his liability to support his wife." Now, the contract which lies at the foundation of this action is one which very materially alters the marital relation of the parties. By its terms the husband and wife have voluntarily separated, and are hereafter to live as strangers to each other. In consideration of this practical dissolution of the marriage tie, the husband agrees to pay the wife a certain sum weekly, and, failing to fulfill the obligation thus assumed, she comes into a court of law and invokes its aid in the enforcement of the contract. Can anything more subversive of social order, sound policy or good morals be imagined? To give the act of 1892 the construction contended for would tend to disintegrate society and resolve marriage into the merest farce. This court is unwilling to believe that any such anomalous condition of affairs was within the contemplation of the Legislature, and, therefore, it must hold that plaintiff's action cannot be maintained.