FREDERICA M. POILLON, Appellant, *v.* JOHN J. H. POILLON, Respondent.

*Separation agreement — when executed while the husband and wife are living together it is void.*

A separation agreement, executed by a husband and wife without the intervention of a trustee, which provides that the parties have mutually consented and agreed, and " by these presents do mutually consent and agree, to hereafter live separate and apart from each other," is void as against public policy, the necessary inference therefrom being that the parties, neither of whom appeared to be entitled to a separation, were living together when the paper was signed, and that it was an essential part of the agreement that they should thereafter separate.

Section 21 of the Domestic Relations Law (General Laws, chap. 48, § 21) providing that a married woman may make contracts " with any person, including her husband,  * * * as if she were unmarried; but a husband and wife cannot contract to alter or dissolve the marriage, or to relieve the husband from his liability to support his wife," does not enlarge the power of the husband and wife in respect to separation agreements.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Frederica M. Poillon, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of December, 1899, upon the verdict of a jury rendered by direction of the court.

*George A. Strong,* for the appellant.

*Eugene Frayer,* for the respondent.

RUMSEY, J.:

Each of these actions was brought to recover an installment due to the plaintiff upon an agreement made by the defendant to pay

her $3,000 a year in monthly installments. The complaint alleges that the parties are husband and wife, and that on the 1st day of May, 1898, they entered into an agreement of separation in writing whereby the defendant agreed to pay to the plaintiff the sum of $3,000 per annum in equal monthly installments for the use and benefit and for the support and maintenance of the plaintiff and her two children. Other allegations were made which are not now material, but the complaint closed with the statement that the defendant had not paid a certain installment for which judgment was asked. Another action was brought to recover another installment.

In his answers the defendant admits the signing of the contract and alleges that it is contrary to public policy, without consideration, null and void, and of no legal effect. The cases were tried together. The contract was put in evidence, its execution was admitted and no further evidence was given by either party. The defendant then moved to dismiss the complaint because the plaintiff had not proved any cause of action for the reason that the alleged agreement is without consideration, contrary to public policy, and expressly prohibited by section 21 of the Domestic Relations Law (Laws of 1896, chap. 272), null and void and of no legal effect. The plaintiff asked for the direction of a verdict. The court desiring to consider the matter, it was agreed that briefs be submitted and that the court was to direct a verdict as if the jury were present. After consideration the court directed a verdict for the defendant to which an exception was taken.

The contract in evidence recited that various unhappy and insurmountable differences had arisen and still existed between the said parties, which rendered it inadvisable and impossible for them to live together as husband and wife, and that in consequence of such difficulties they had mutually consented and agreed, and " by these presents do mutually consent and agree, to hereafter live separate and apart from each other." There was no evidence of the relations existing between the parties to show that there was any ground upon which either party would have been entitled to a separation against the other, and the contract was purely executory, having in view their subsequent separation. Where the parties have already separated and actually live apart, such a contract between a husband

and a wife might be sustained (*Clark* v. *Fosdick*, 118 N. Y. 7); but unless the facts giving validity to the contract are made to appear, there can be no doubt that such an agreement is invalid and absolutely void. In this case it appears by necessary inference that the parties were living together when the paper was signed, and it was an essential part of the agreement that they should thereafter separate, although no sufficient reason appears to warrant their doing so. In such a case the contract is void and no recovery can be had upon it. *Whitney* v. *Whitney* (4 App. Div. 597) is precisely in point. That case arose upon a demurrer to a complaint upon just such a contract as this. The demurrer was taken upon the ground that it appeared on the face of the complaint that the parties were husband and wife; that they had never been separated in any court, and that the contract was null and void. The court held that the contract was void, and that no recovery could be had on it.

But not only was this contract void because it does not appear that the circumstances under which it was made were such as would permit a court to declare it to be valid, but it was void under the Domestic Relations Law because it was made between a husband and wife. Before any married woman statutes had been passed it was settled law in this State at least that a contract between husband and wife for the support of the wife was absolutely void at law, but it would under some circumstances be sustained in equity if there had been the intervention of a trustee. (Story Eq. Juris. § 1372; *Rogers* v. *Rogers*, 4 Paige, 516; *Tallinger* v. *Mandeville*, 48 Hun, 152.)

It is claimed by the plaintiff, however, that that rule has been changed by the Domestic Relations Law (General Laws, chap. 48, § 21). The section relied upon reads as follows: "A married woman has all the rights in respect to property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person including her husband, * * * as if she were unmarried; but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife." It needs no discussion to show that this contract is essentially one to alter the marriage relation. It relieves the parties from the duty of living together

which the marriage relation imposes upon them, and tends to relieve the husband from the support of his wife, and so far as it had these ends in view it is directly contrary to the section above.

It is not necessary to decide whether within this section a contract for a separation, made without the intervention of a trustee, is now valid. That question can be met when it arises. It is sufficient for the disposition of this case to say that section 21, above cited, does not enlarge the power of the husband and wife to contract in this regard and thus to operate to abrogate the rule of the common law that any such contract is invalid unless it is made through the intervention of a trustee.

The plaintiff claims that her contentions are sustained by the cases of *Carpenter* v. *Osborn* (102 N. Y. 552) and *Pettit* v. *Pettit* (107 id. 677). The first was a judgment creditor's action to set aside a conveyance made by the husband in fraud of the wife. The judgments were both recovered on contracts made between husband and wife and the court held simply that these judgments would not be attacked in a collateral proceeding. In the case of *Pettit* v. *Pettit*, the parties had actually separated and an action for a separation had been begun by the wife against the husband. That action was settled and the settlement was carried into effect, the wife actually doing acts which constituted in other respects a consideration for the acts of the husband, and the court held that the husband having received an actual consideration for the agreement to pay over certain moneys, she was entitled to maintain her action; but in neither case was anything said which militates against the conclusion at which we have arrived.

The judgment must be affirmed, with costs.

BARRETT and McLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented; INGRAHAM, J., not voting.

Judgment affirmed, with costs.