(42 Misc. Rep. 26.)

## EDIC v. HORN.

(Supreme Court, Trial Term, Oneida County. November, 1903.)

1. HUSBAND AND WIFE—CONTRACT FOR SEPARATION—VALIDITY.

A husband and wife and a third party entered into an agreement by which such third party was to indemnify the husband against any debts of the wife. It was further provided that the husband and wife would live separate during the rest of their lives, and the contract recited that previous to such separation he had consented to pay the wife during life a weekly sum to support herself and her child, and it was further agreed that in consideration of such agreement he would consent to the separation, and would not interfere with her or disturb any person harboring her. *Held*, that the contract was void as against public policy, as based on an·agreement looking to the separation while the husband and wife were living together as such.

Action by Helena A. Edic against Mary E. Horn, executrix of Charles J. Edic, deceased. Complaint dismissed.

The plaintiff and defendant's testator were husband and wife, and, according to the stipulation of the attorneys for the respective parties, they separated March 1, 1897, and continued to live apart from that time until the husband's death, which occurred March 28, 1901. The agreement, upon which the action is brought, is tripartite; the husband being the first party, the wife the second, and one Harry Gridley the third. It bears date March 1, 1898, and recites that the parties have mutually agreed to live separate and apart from each other during the remainder of their lives, and that "previous to such separation" the party of the first part (the husband) agreed that he would, out of his own money, pay to the second party (the wife) the sum of $3.50 per week for her support and maintenance, and for the support and maintenance of their infant son, Clinton J. Edic, during the term of her natural life. After this recital the husband, "in pursuance of his said agreement," covenanted and promised "to and with the said Harry Gridley, * * * his executors, administrators, and assigns," and did also agree with the said Helena A. Edic that it should be lawful for her at all times thereafter to live separate and apart from him, and that he would not interfere with her residence with such families or friends or in such places as she might desire, nor at any time sue her in any court for living separate and apart from him, or disturb any person who might harbor her, and would pay said sum of $3.50 per week during the term of her natural life, which she was to accept in full satisfaction of her support and maintenance during her coverture, and also support and maintain said child. There is also a covenant on the part of said third party (Gridley) that, provided the said party of the first part performs all the agreements entered into by him, he (Gridley) would idemnify and save the party of the

first part (the husband) harmless of and from all debts of the plaintiff, contracted on her behalf or said child, or that might thereafter be contracted by her or on her account, except funeral expenses of herself and child, and that, if the husband were compelled to pay any such debt or debts, he (Gridley) would repay the same on demand, together with all loss and damage that he might sustain thereby. So far as appears, the plaintiff has maintained herself and child, so that no liability on the part of said Gridley has accrued. The payment of $3.50 per week was made down to February 1, 1901, but no payment has been made since. On the 28th of March, 1901, the husband died, leaving the plaintiff, his widow, and said son surviving. February 9, 1901, he executed a last will and testament, in and by which he gave all of his property to the defendant, and also made her the executrix thereof. The will has been duly probated, and letters testamentary issued. The testator left debts, other than the claim in suit, which, with funeral expenses and expense of administration, will nearly or quite absorb the whole of decedent's estate. In June or July, 1902, the plaintiff presented to the defendant a claim for $241.50 (being $3.50 per week from February 1, 1901, to June 1, 1902), which was rejected, and this action brought about November 28, 1902. Said Gridley is not made a party. The defendant contends that the action cannot be maintained, for the following reasons: (1) That the agreement itself is against public policy and void; (2) that Gridley is a necessary party to the action; (3) that the agreement, in any event, terminated at the death of the husband.

Henry F. & James Coupe, for plaintiff.
Josiah Perry, for defendant.

ROGERS, J.   While the attorneys for the respective parties have stipulated "that the plaintiff, Helena A. Edic, and her husband, Charles J. Edic, lived separate and apart ever since March 1, 1897," and although the written contract was dated March 1, 1898, one year after the separation, as stipulated, it is apparent that the writing was but the carrying out of an arrangement made while they were living together, having for its object a virtual annulment of the marriage, by means of which he would forego his marital rights, and relieve himself of all its responsibilities, save only to the extent of paying $3.50 per week for the maintenance of the wife and the son so long as she should live, and she would be free to go her own way.   The evidence is this:   The agreement recites that:

"They have mutually agreed to live separate and apart from each other during the remainder of their lives, and previous to such separation the party of the first part [the husband] has consented thereto, and has agreed that he will, out of his own money, pay to his said wife  *  *  *  the sum of $3.50 each and every week during the term of her natural life."

In "pursuance of his said agreement" the husband covenants that the wife may live separate and apart from him in such place or places, and with such family or families, and with such relation or "friends," as she may desire, and that he will not disturb or trouble her for so doing, nor sue or trouble any other person for "receiving, harboring, or entertaining her."

By examination, it will be seen that the contract in question, except as to certain immaterial words, is a copy of that reported in Lalor's Supplement (Florentine v. Wilson, Lalor's Supp. 303).   Of that, Chief Justice Nelson said:

"I concur with the court below that the recitals in this indenture clearly show that it was made and executed in contemplation of, and as an inducement to, a future separation between the defendant and Eleanor, his wife,

and ought not to be upheld. It recites that the parties had mutually agreed with each other to live separate and apart during their natural lives, and that the husband had proposed and agreed that he would pay for her support and maintenance a certain weekly allowance, in pursuance of which arrangement the articles of separation were entered into. * * * To give validity to such postnuptial contracts would be but holding out to the parties temptations to the voluntary repudiation of conjugal rights and abandonment of marital duties—to encourage, in effect, a dissolution of the marriage contract."

The same doctrine as to contracts looking to a separation made while husband and wife are living together has been held in many cases. Rogers v. Rogers, 4 Paige, 516, 27 Am. Dec. 84; Friedman v. Bierman, 43 Hun, 387, 390; Whitney v. Whitney, 4 App. Div. 597, 36 N. Y. Supp. 891, 39 N. Y. Supp. 1136; Hungerford v. Hungerford, 16 App. Div. 612, 613, 44 N. Y. Supp. 973; Id., 161 N. Y. 550, 56 N. E. 117; Poillon v. Poillon, 29 Misc. Rep. 666, 61 N. Y. Supp. 582; Id., 49 App. Div. 341, 63 N. Y. Supp. 301.

Agreements entered into after separation, and through the medium of a trustee, are tolerated. Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, 16 Am. St. Rep. 733; Mann v. Hurlbert, 38 Hun, 27; Magee v. Magee, 67 Barb. 487. But this is not one of them.

My conclusion is that the contract in question is void as against public policy, and cannot be enforced.

Whether the defendant's objection that the action, if maintainable, could only be brought in the name of the trustee (Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, 16 Am. St. Rep. 733; Mann v. Hurlbert, 38 Hun, 27; Lord v. Lord, 68 Hun, 537, 22 N. Y. Supp. 1004) or whether the provision of the Code of Civil Procedure (section 449) is permissive merely, so that the trustee might sue without joining the beneficiary, or both might sue together, or the beneficiary alone (Hubbell v. Medbury, 53 N. Y. 102; Cridler v. Curry, 66 Barb. 336; Bort v. Snell, 39 Hun, 388) or whether the objection was waived by omitting to demur (Code Civ. Proc. §§ 498, 499; Nealis v. American Tube & Iron Co., 76 Hun, 220, 27 N. Y. Supp. 733), it is not now necessary to determine. Nor need we inquire whether the contract, if otherwise valid, might or might not be effective after the death of the husband. It may be noted, however, that the following obligations have been held to survive: A promissory note payable 30 days after the death of the maker. Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835. A postnuptial contract for payment of annuity to the wife so long as she should continue to be such, or continue the widow of the promisor. Magee v. Magee, 67 Barb. 487. A decree directing payment of alimony to a wife so long as she should live. Burr v. Burr, 10 Paige, 20; Forest v. Forest, 3 Abb. Prac. 144, 166; Johns v. Johns, 44 App. Div. 533, 537, 60 N. Y. Supp. 865.

The defendant also urges the want of sufficient assets of the testator's estate to meet this (assuming it to be a liability) and the other obligations. This might embarrass collection, but I am unable to perceive how it constitutes a defense, if a judgment were recovered. Doubtless, on an accounting before the surrogate, the rights of the plaintiff and the other creditors could be ascertained and properly adjusted.

This decision, therefore, is placed solely upon the ground that the contract between the plaintiff and her husband is against public policy and void.  The complaint must be dismissed upon the merits.

Complaint dismissed.