(110 App. Div. 545.)

EFFRAY v. EFFRAY.

(Supreme Court, Appellate Division, First Department.  December 30, 1905.)

1. CONTRACTS—PUBLIC POLICY—SEPARATION AGREEMENT.

Where a husband and wife had actually separated, and the wife commenced an action for a legal separation, a contract between them, whereby the husband agreed to pay her a sum per annum for the support of herself and children, was not invalid as against public policy.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 517; vol. 26, Cent. Dig. Husband and Wife, §§ 1046, 1048.]

2. HUSBAND AND WIFE—CONTRACTS BETWEEN—NECESSITY FOR INTERVENTION OF TRUSTEE.

Under the law as codified in Domestic Relations Law, § 21 (Laws 1896, p. 220, c. 272), giving a wife power to contract in respect to her separate affairs even with her husband, and only prohibiting contracts seeking to alter or dissolve the marriage or relieve the husband from liability to support her, a wife might contract directly with the husband for her support without the intervention of a trustee, after a separation between them.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, §§ 1048, 1050.]

3. SAME—SUPPORT OF CHILDREN—SUPPORT AFTER MAJORITY.

Where a husband and wife, who had separated, made a contract whereby the wife was to receive from the husband payment for the board of the husband's daughter by a former marriage, the wife was entitled to recover thereon, though the daughter became of age during the contract period.

4. SAME—SEPARATION CONTRACT—ACTION BY WIFE—ACCOUNTING.

A husband and wife, after separation, made a contract whereby the husband transferred to the wife certain securities from which she was to have the income, and he agreed to make good any deficiency of income below $1,000.  Held, in an action by her on the contract, that it was not necessary for plaintiff to make a formal accounting with respect to the income derived from the securities, and, she having testified as to the amount of income and defendant not having denied it, she was entitled to recover the difference between the income and $1,000.

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Melanie Effray against John A. Effray.  From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Rodolphe Claughton, for appellant.
Samuel C. Mount, for respondent.

HOUGHTON, J.  The plaintiff is the wife of defendant.  Prior to the 17th day of October, 1900, they were living apart, and the plaintiff had begun an action in the courts of New Jersey for a legal separation. On that day the defendant, in this state, entered into a written contract with the plaintiff to assign to her securities aggregating approximately $10,000, and to pay to her, in addition to the income arising therefrom, for the support of herself and children, such a sum as would make $1,000 per annum.  The securities were assigned, but the defendant failed to pay the difference between the income and the $1,000, and

the first cause of action set out in the complaint seeks to recover therefor.

The defendant insists that the agreement is void as against public policy. If it were a mere contract between a husband and wife, then living together, to separate and live apart in the future, this would be true. It would then be an agreement practically dissolving the marriage relation, and one which the law does not permit. Whitney v. Whitney, 4 App. Div 597, 36 N. Y. Supp. 891, 39 N. Y. Supp. 1136. But in the present case the separation had already taken place. An action was pending to obtain a decree of limited divorce. Where a separation exists as a fact, and is not produced or occasioned by the contract, an agreement that the parties will continue to live apart, and that the husband will pay a certain sum for the maintenance of his wife and children, is valid, and can be enforced. Pettit v. Pettit, 107 N. Y. 677, 14 N. E. 500; Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Lawson v. Lawson, 56 App. Div. 535, 67 N. Y. Supp. 356.

The defendant further claims that the contract is invalid because it was made between the husband and wife without the intervention of a trustee. We are of the opinion that this omission does not invalidate it. It is true that in most of the cases in which the courts have passed upon contracts of this character the contracts were made with a trustee, for the benefit of the wife. No trustee appears to have been employed in Pettit v. Pettit, supra, or in Lawson v. Lawson, supra, and in each of these cases the courts expressly decided that the contracts were valid; there having been an actual separation before their execution. There was no trustee in Hungerford v. Hungerford, 161 N. Y. 550, 56 N. E. 117; nor was the agreement set aside upon that ground. In Poillon v. Poillon (decided by this court) 49 App. Div. 341, 63 N. Y. Supp. 301, the agreement was held void because the separation was in pursuance of the contract; but the question as to whether or not its validity depended upon the intervention of a trustee was expressly reserved and not passed upon.

Section 21 of the domestic relations law (Laws 1896, p. 220, c. 272) confers broad powers upon the wife to contract in respect to her separate affairs even with her husband, and the only prohibition is against those contracts seeking to alter or dissolve the marriage or relieve the husband from liability to support her. The present contract did not purport to alter or dissolve the marriage relation as it existed at the time of its execution, nor was its purpose to relieve the husband from liability to support his wife, but rather in compliance with that duty and in furtherance of his obligations in that regard. But we do not place our decision on the ground that this section of the domestic relations law gave to the plaintiff the right to make the contract in controversy. She had that right, as we read the decisions at the time the law was enacted, and it was not taken away from her by it. The enactment, so far as this section is involved, was but a codification of the statute law as it then existed and as interpreted by the decisions of the courts.

Many contracts between husband and wife have been held valid and binding upon both. The husband may emancipate her, either by express or implied agreement, and give her the right to labor on her own ac-

count and receive the compensation therefor. Carver v. Wagner, 51 App. Div. 47, 64 N. Y. Supp. 747. If he has given a note to her, she may enforce payment in an action at law against him. Adams v. Adams, 24 Hun, 401; Granger v. Granger, 2 N. Y. St. Rep. 211. If either party has taken property belonging exclusively to the other, an action in replevin may be brought. Howland v. Howland, 20 Hun, 472; Berdell v. Parkhurst, 19 Hun, 358. Even where a trustee is named in an agreement made after separation, the wife may bring an action at law to enforce its provisions (Potter v. Potter, 8 Civ. Proc. R. 150); and especially where the trustee refuses to bring it (Lord v. Lord, 68 Hun, 537, 22 N. Y. Supp. 1004). So, too, she may sue to collect alimony allowed by a judgment of divorce obtained in a foreign state. France v. France, 79 App. Div. 291, 79 N. Y. Supp. 579.

While the holdings referred to do not directly involve the question under consideration, the principle underlying them all shows that there are many matters concerning which a wife may make an agreement with her husband, valid and binding, without the intervention of a third party. Many expressions may be found in the books that the common-law doctrine that the husband and wife cannot contract with each other, and that she cannot sue him in an action at law, has not been changed by any legislative enactments. The test of the accuracy of these statments is the decisions in which contracts between them without intervention of a trustee have been held valid, and in which she has been permitted to bring an action at law against him. In Manchester v. Tibbetts, 121 N. Y. 219, 24 N. E. 304, 18 Am. St. Rep. 816, the court says:

"When the wife by proper and sufficient proof shows that her husband owes her, she is entitled to the same remedies and has the same standing to enforce any security for the payment of the debt that she may have received, as any other creditor."

Our conclusion is that the contract sued on was valid, and that an action lies in behalf of the plaintiff to enforce it. The proof was ample to sustain the finding of the court below that the separation was not merely temporary. While the contract foreshadows the fact that possibly the defendant might at some future time return to his family, the facts show that that time has not arrived and that it was not really contemplated that a reconciliation would soon occur.

We also think the plaintiff was entitled to recover, upon her second cause of action, for the board of defendant's daughter by a former marriage. The plaintiff testified to an express agreement by defendant, which he partially admits, to pay, and payments had been made for two years thereunder. It was immaterial that the daughter became of age during the period. The defendant had a right to support her after that time if he saw fit. At least, he should have apprised the plaintiff of the fact that their agreement was at an end.

Nor was there any error in the admission of evidence. The plaintiff testified that she was familiar with the price of board, and upon the defendant objecting to the form of the question it was changed, and she testified, without objection, that a reasonable sum was $5 per week, for which she had recovery. The defendant objects that the plaintiff has made no accounting with respect to the income derived from the securities transferred to her. A formal accounting was not a necessity.

She testified as to the amount of income received from the securities, and recovered the difference between that amount and the $1,000 stipulated to be paid, and the defendant made no proof that this difference was too great.

We think the recovery was proper, and that the judgment should be affirmed, with costs. All concur, except PATTERSON, J., who dissents.