### MANEY v. MANEY.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

1. HUSBAND AND WIFE—SEPARATION AGREEMENTS—VALIDITY.

An agreement for a separation, made directly between the husband and wife, and requiring him to pay her a certain sum annually, was invalid, and no bar to an allowance of alimony in a subsequent suit for divorce.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1046.]

2. DIVORCE—ALIMONY—SECURITY FOR PAYMENT.

By the express provisions of Code Civ. Proc. § 1772, the requiring of security for the payment of alimony is within the discretion of the trial court.

Appeal from Trial Term, Sullivan County.

Action by Charlotte E. Maney against George W. Maney for divorce. Defendant appeals from a portion of an interlocutory judgment directing him to pay alimony to plaintiff and requiring him to give security therefor. Affirmed.

The action is for an absolute divorce. After a verdict in favor of the plaintiff upon specific questions submitted to the jury, an application was made to the court for an interlocutory judgment of divorce and for permanent alimony. Upon such application the defendant's counsel presented to the court an agreement between the parties, dated June 16, 1905, providing for a separation and for the payment by the defendant of the sum of $144 per year for the support and maintenance of the plaintiff, and urged that this agreement was a bar to the granting of permanent alimony by the court in the action. The court, however, granted alimony to the plaintiff at the rate of $5 per week, and directed that the defendant should furnish security for such payment, and from the provisions to this effect contained in the interlocutory judgment the defendant has appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John W. Lyon and Frances D. Lyon, for appellant.
Frank S. Anderson, for respondent.

CHESTER, J.   It appears very clearly, by the affidavits before the
court upon the application for the interlocutory judgment, that at the
time of the execution of the separation agreement between the plain-
tiff and defendant they were living together as husband and wife,
and that after the execution of such agreement, and pursuant to the
terms thereof, they separated, and have ever since lived apart from
each other.   The agreement was made without the intervention of
a trustee.   No reason is given for the separation in the agreement,
except a statement therein that differences have arisen between them,
for which reason they have consented and agreed to live separate and
apart from each other during their natural lives.   The agreement
under the authorities was void, and consequently did not stand in the
way of the court making proper provision for the support and main-
tenance of the wife in the interlocutory judgment, for the reason that
it was made directly between the husband and wife before they had
separated, and expressly for the purpose of bringing about a separa-
tion.   Poillon v. Poillon, 49 App. Div. 341, 63 N. Y. Supp. 301; Tal-
linger v. Mandeville, 48 Hun, 152; Whitney v. Whitney, 4 App. Div.
597, 36 N. Y. Supp. 891, 39 N. Y. Supp. 1136.

The appellant is not aided by the provisions of section 21 of the
domestic relations law (Laws 1896, p. 220, c. 272) enlarging the rights
of a married woman and authorizing her to make contracts in respect
to her property with any person, including her husband, for the rea-
son that such section in express terms prohibits a husband and wife
from contracting to alter or dissolve the marriage between them or to
relieve the husband from his liability to support his wife.   In Poillon
v. Poillon, above cited, it is said, with reference to said section 21
and to a contract like the one under consideration here:

"It needs no discussion to show that this contract is essentially one to alter
the marriage relation.   It relieves the parties from the duty of living together,
which the marriage relation imposes upon them, and tends to relieve the hus-
band from the support of his wife, and, so far as it had these ends in view, it
is directly contrary to the section above."

The authorities cited by the appellant are not contrary to this view,
for they were either cases where the separation existed as a fact be-
fore the agreement was entered into, or where there was an inter-
vention of a trustee, so the contract was not directly between the hus-
band and wife.

We think, too, that the defendant was properly required to give se-
curity for the payment of the alimony.   Under section 1772 of the
Code of Civil Procedure, that was a matter resting entirely in the
discretion of the court, and such discretion was properly exercised
in this case.

The interlocutory judgment should be affirmed, with costs.   All
concur except COCHRANE, J., not voting.