### SUNDERLIN v. SUNDERLIN.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

HUSBAND AND WIFE—SEPARATION AGREEMENTS—REQUISITES AND VALIDITY.

   While a valid separation agreement between husband and wife through the medium of a trustee may be made, though the parties have not actually separated, if they immediately separate, or may be made without the in-

tervention of a trustee if the parties have actually separated when the agreement is executed, such an agreement made without the intervention of a trustee while the parties are living together, and providing that they shall thereafter live apart, is void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1046.]

Appeal from Trial Term.

Action by Julia S. Sunderlin against Lewis Sunderlin. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAMBERT, HOUGHTON, and SCOTT, JJ.

Horace McGuire, for appellant.
May & Jacobson, for respondent.

SCOTT, J. The defendant appeals from a judgment entered upon the direction of a verdict in favor of plaintiff. The action is to recover a sum claimed to be due under a separate agreement made by the parties, who are husband and wife. They married on October 27, 1896, and on August 26, 1897, entered into an agreement for a separation. This agreement is made between the parties without the intervention of a trustee, and recites that differences had arisen between them, that the parties had separated and mutually agreed thereafter to live separate and apart. The defendant thereupon agreed to continue to pay, for some time, the rent of the house in which the parties had lived, and during that time that the wife should have the use and enjoyment of the house and the furniture therein. After the expiration of the lease of the house, the husband agreed to allow and pay his wife the sum of $100 monthly. Although the agreement recites that the parties have separated, the fact is that they were living together as man and wife when the agreement was made. The next day they did separate, and have since lived apart. The defendant complied with the terms of the agreement, and paid plaintiff the agreed monthly allowance until May, 1905. In August, 1905, the plaintiff commenced an action for a separation and applied for alimony and counsel fee, basing her motion upon an affidavit in which she alleged that, when the separation agreement was made, she and her husband were living together, and hence, as she was then advised, the agreement was void. She was awarded $7 per week alimony and $75 counsel fee. The action has never been brought to trial. The defendant paid the counsel fee, and has regularly paid the alimony. The present action is for the monthly allowance of $100 per month from June 1, 1905, less the amount which has been paid as alimony.

The case thus presented is not to be distinguished from Poillon v. Poillon, 49 App. Div. 341, 63 N. Y. Supp. 301. In that case, as in the present, the parties were living together when the separation agreement was made. It was recited that insurmountable differences had arisen between the parties which rendered it impossible for them to live together. It was further recited that they had mutually consented and agreed to live separate and apart, and the agreement was made between the parties directly without the intervention of a trustee. It was held by this court that the agreement was invalid and absolutely

void, and that there could be no recovery under it, as it appeared to be an essential part of the agreement that the parties should thereafter separate and live apart. To the same effect is Whitney v. Whitney, 4 App. Div. 597, 36 N. Y. Supp. 891, 39 N. Y. Supp. 1136. In Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. .A. 132, 16 Am. St. Rep. 733, upon which the court below relied, the agreement had been made with a trustee, who on his part agreed to indemnify the husband against any charge, other than the agreed allowance for the support of his wife and children, and the action was brought by the trustee. In Effray v. Effray, 110 App. Div. 545, 97 N. Y. Supp. 286, a separation agreement was upheld where it appeared that when it was made the parties were already living apart, and an action for a legal separation had been begun. The contract did not, therefore, change the existing relations of the parties. It was expressly said, however, that if the parties had been living together when the agreement was made, and it had contemplated and provided for a future separation, it would have been invalid. In Reardon v. Woerner, 111 App. Div. 259, 97 N. Y. Supp. 747, wherein a separation was upheld, the parties had already separated when the agreement was made, and there was a trustee who undertook to indemnify the husband. The case of Clark v. Fosdick, supra, appears to be authority for the proposition that a valid separation agreement through the medium of a trustee may be made although the parties have not actually separated, if they immediately separate and live apart. Effray v. Effray, supra, is authority for the proposition that such an agreement may be validly made between a husband and wife without the intervention of a trustee, if the parties have actually separated and are living apart when the agreement is entered into. But we have been referred to no case of authority in which such an agreement without the intervention of a trustee has been upheld if the husband and wife are actually living together when the agreement is made, and it is a part of the agreement that they shall thereafter change the relative status, and live separate and apart. That is the case made by the present record.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.