(58 Misc. Rep. 389.)

LEVINE v. KLEIN.

(City Court of New York, Trial Term. March, 1908.)

1. DEPOSITARIES—RECOVERY OF DEPOSIT—PUBLIC POLICY.
    Where husband and wife deposit money with a third party to be
    paid to the wife, with whom the husband is then living, on her obtaining
    a divorce or separation, the transaction is against public policy, and the
    owner of the money can recover it from the depositary.

2. SAME—PARTIES TO ACTION.
    Where a husband and wife deposited money with a third party to be
    paid to the wife on her obtaining a divorce, and an action was brought
    by the wife against the depositary, and the question of ownership was
    litigated and a verdict rendered for the wife, it will not be set aside be-
    cause the husband was not a party.

Action by Beckie Levine against Philip Klein. Verdict for plain-
tiff. Motion for new trial denied.

Joseph Gans, for plaintiff.
Samuel Schlesinger, for defendant.

McAVOY, J. In this case a husband and wife deposited with the
defendant, who is a rabbi of the Jewish faith, a sum of money con-
ditioned to be paid to the wife upon her obtaining a divorce or sepa-
ration between them. The agreement is void as against public poli-
cy, since at the time of the agreement to separate the parties were
living together as husband and wife, and the case comes within the
decision in Poillon v. Poillon, 49 App. Div. 341, 63 N. Y. Supp. 301.
It is therefore the legal right of the person who claims ownership of
the fund deposited under this illegal agreement to recover the mon-
eys back from the stakeholder as money had and received under an
illegal contract, even though the condition under which the sum was
deposited has not been fulfilled. In Richardson v. Crandall, 48 N.
Y. 348, the court said that, in all cases where contracts are claimed
to be void as against public policy, "it matters not that any particu-
lar contract is free from any taint of actual fraud, oppression, or
corruption. The law looks to the general tendency of such con-
tracts. The vice is in the very nature of the contract, and it is con-
demned as belonging to a class which the law will not tolerate."

The questions of fact litigated as to the ownership of the fund and
the amount belonging to the plaintiff were submitted to the jury,
and they found, upon the facts in favor of the plaintiff. The par-
ties here cannot be said to be "in pari delicto," and hence the argu-

ment urged upon that ground falls. There is no distinction in law or ethics between the case here and Duval v. Wellman, 124 N. Y. 156, 26 N. E. 343. The proposition, which the attorney for the defendant raises, that the husband's title or claim of title to the property could not be litigated in an action in which he was not a party, is without force. Certainly the litigation does not conclude any person not a party to the action; but as between the stakeholder and the plaintiff the title to the fund in question may be resolved and found by the jury. This, of course, is not res adjudicata as against the husband in any other action. A motion in interpleader would have remedied the defendant's situation. I do not think the verdict of the jury should be disturbed. Motion to set aside is therefore denied.

Motion denied.