### McCORMACK v. McCORMACK.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. HUSBAND AND WIFE—SEPARATION AGREEMENT.

Where a wife has left her husband and brought action against him for separation, a separation agreement then executed by them is valid, in the absence of fraud, so that she can recover the amount agreed to be paid by him for her support, whether or not there was a legal cause for separation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1046.]

2. PLEADING—FRAUD—CONCLUSIONS.

The allegations of an answer that defendant's signature "was procured by fraud," and the contract was "executed by defendant under duress" exerted against him by plaintiff, are insufficient to raise the question of fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 28½; vol. 37, Negligence, § 37.]

Appeal from Westchester County Court.

Action by Mary E. McCormack against James H. McCormack. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, HOOKER, RICH, MILLER, and GAYNOR, JJ.

John W. Remer, for appellant.
R. Emmet Digney, for respondent.

RICH, J. This action was brought to recover a sum claimed to be due the plaintiff from the defendant, her husband, under a separation agreement. It appears that on the 19th day of September, 1904, she left her husband, and three days later commenced an action against him for a separation from bed and board. On the 11th day of October an agreement or contract of separation was signed and duly acknowledged by the parties, in and by which the defendant agreed, among other things, to pay plaintiff for the support and maintenance of herself and two sons the sum of $35 per week, payable weekly, thereafter. At the time of the commencement of this action there was unpaid upon said contract or agreement the sum of $175. Upon the trial the learned county judge submitted to the jury for its determination the question as to whether the wife had sufficient cause to leave her husband. He said:

"The husband and wife have a right to sign this agreement when they are so separated by substantial family differences that sometimes exist between them, and if that was this case this is a legal contract; but if without any fault on the part of this defendant, purely because the wife was dissatisfied with him, or for some reason, religious or otherwise, she elects to live separate and apart from him, and to seek support at his hands, why if she went without his fault out of that house, and without cruel and inhuman treatment, then you must render a verdict of no cause of action."

The plaintiff's right to recover was in no manner dependent upon the question of whether she had sufficient cause to leave defendant, and the charge was erroneous. She had left him, and an action for separation was pending between them before the agreement was executed, and that was enough. An agreement between a husband and wife to live separate and apart, made under such circumstances (unless induced by fraud), is valid and binding (Effray v. Effray, 110 App. Div. 545, 97 N. Y. Supp. 286; Winter v. Winter, 191 N. Y. 462, 84 N. E. 382), and it makes no difference whether the "unhappy differences" did or did not constitute sufficient legal cause for the separation.

The answer of defendant contained the bare allegation that his signature to the contract "was procured by fraud" and "executed by the defendant under duress exerted against the defendant by the plaintiff." The allegation was insufficient to raise the question of fraud, and that question was not involved in the issues, yet defendant was permitted to make proof under this allegation. The evidence, however, was not sufficient to raise a question of fact, and ought not to have been submitted to the jury.

It appeared that the plaintiff refused to meet defendant, or to be present when he signed the agreement, which was done in the office of his attorney. In the case of Winter v. Winter, supra, the complaint

only alleged the making of the agreement, its breach, and the cause of action was sustained. It was held that a husband and wife living separate and apart from each other may make a valid and binding separation agreement without the intervention of a third person, and that such an agreement is not in conflict with public policy or the domestic relations law (Laws 1896, p. 220, c. 272, § 21), and in the Effray Case the findings of fact, upon which the judgment for plaintiff was based, were that prior to the making of the agreement the husband and wife were separated and an action was pending for separation from bed and board; that they entered into a voluntary agreement under which the defendant was indebted to the plaintiff. The contract in the case at bar being valid, and based upon sufficient consideration, is enforceable. The causes leading to the separation, as well as their gravity, were immaterial, and not a factor in determining either the legality of the contract or the liability of the defendant under its provisions.

It follows, therefore, that the judgment and order must be reversed, and a new trial ordered; costs to abide the event. All concur.