MARY BURNHAM, Plaintiff, *v.* JOHN BURNHAM, Defendant.

(Supreme Court, New York Special Term, October, 1916.)

Divorce — action for — alimony — marriage — contracts.

> A wife who brings an action for absolute divorce has a legal right to apply for alimony and counsel fee.
>
> An agreement by her to relinquish such right in consideration of her husband's promise to pay her a certain sum and a reasonable counsel fee, though made before the action for divorce was commenced, neither altered nor dissolved the marriage, nor did it release him from his obligation to support her and being based on a good and valuable consideration is enforcible in an action at law.

MOTION for judgment on the pleadings.

William Kaufman, for plaintiff.

Winslow, Keenan & Budd, for defendant.

COHALAN, J. The plaintiff, in an action to recover $2,500 under a marital agreement, has moved for judgment on the pleadings. The complaint alleges that prior to the institution of an action for divorce the defendant agreed that, if the plaintiff would make no application in the action for alimony or a counsel fee, the defendant would pay a reasonable counsel fee, and also pay the plaintiff the sum of $10,000. The defendant has paid the amount of the counsel fee, and has paid on account of the $10,000 the sum of $7,500, leaving a balance of $2,500 due and owing to the plaintiff, for which judgment is demanded. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. It is his contention that inasmuch as the agreement was made prior to the divorce proceedings no action

thereon could be maintained.   There is no doubt that
where the consideration of a contract was a practical
dissolution of the marriage tie such a contract is void
as being against public policy.   *Whitney* v. *Whitney,*
4 App. Div. 597; *Poillon* v. *Poillon,* 49 id. 343.   In the
case at bar, however, the contract was not made to
alter or dissolve the marriage relationship or to
relieve the husband from his liability to support his
wife.   When the plaintiff instituted her action for an
absolute divorce she had a legal right to make an appli-
cation for counsel fee and alimony.   She gave up and
relinquished that right because of the promise of the
defendant.   It may not be said that this agreement
altered or dissolved the marriage, nor did it relieve
the husband from his obligation to support his wife.   I
am of the opinion that the agreement was based on a
valuable and valid consideration, and it is enforcible
in an action at law.   Motion for judgment on the plead-
ings is granted, with leave to the defendant to answer
on the payment of ten dollars costs.

Motion granted, with ten dollars costs.