Ella M. Dowie, Respondent, *v.* John C. DeWinter and Lillian F. Dowie, as Executors, etc., of Harry Dowie, Deceased, and Helen M. Moore, as Trustee for Ella M. Dowie, Appellants.

Third Department, November 15, 1922.

Husband and wife — separation — action against executors of husband to recover monthly installments under separation agreement — contract of separation made while husband and wife are living together is void — inference from contract is that it was made while parties were living together — evidence failed to show that parties had separated at date of contract — separation agreement provided for payment to wife in case trustee could not furnish her with home — no evidence that home was not furnished.

A separation agreement executed by a husband and wife while they are maintaining marital relations is void as against public policy.

In an action by a wife against the executors of her husband to recover monthly installments under a separation agreement the correct inference to be drawn from the agreement is that the parties were living together at the time the agreement was executed, since it provides as follows: " Whereas, diverse disputes and unhappy differences have arisen ·between the said party of the first part and his said wife, for which reason they have consented and agreed, and hereby do consent and agree, to live separate and apart from each other during their natural life," and further covenants that it shall be lawful for the wife to live separate and apart from her husband.

A contract between the husband and third persons which was executed about four years before the separation agreement, whereby the third persons agreed to furnish rooms and board for the wife in part consideration for the rent of the husband's farm, did not establish that the parties were living apart at the time of the separation agreement.

Nor was such fact established by the testimony of a witness whose testimony apparently was based entirely upon hearsay.

The separation agreement provided that the husband would pay to the trustee a stated sum per year so long as she furnished board and lodging for his wife in her family, and in case anything should occur whereby the trustee could not furnish a home for the wife then the husband would pay a stated sum per month to the wife. A recovery based on the non-performance of the obligation to pay the wife a monthly sum cannot be had as there was no proof that the trustee ever refused to furnish a home to the wife or that circumstances arose which made it impossible for her to furnish it.

Appeal by the defendants, John C. DeWinter and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chenango on the 22d day of May, 1922, upon the decision of the court rendered after a trial at the Chenango Trial Term, a jury having been waived.

*Frederick M. Harris,* for the appellants.

*H. C. & V. D. Stratton* [*H. C. Stratton* of counsel], for the respondent.

H. T. KELLOGG, Acting P. J.:

This action was brought by Ella M. Dowie, the wife of Harry Dowie, deceased, to recover from the estate of Harry Dowie a balance alleged to be due upon a certain contract of separation whereby Harry Dowie, the husband, conditionally agreed to pay Ella M. Dowie, the wife, certain monthly installments of money during the course of her natural life. The action was tried before the court without a jury, and a decision made in favor of the plaintiff. From the judgment thereupon entered this appeal was taken.

The agreement of separation was made on the 22d day of April, 1896. It named Harry Dowie as party of the first part, Ella M. Dowie, his wife, as party of the second part, and Helen M. Moore, trustee of Ella M. Dowie, as party of the third part. After reciting that " Whereas, diverse disputes and unhappy differences have arisen between the said party of the first part and his said wife, for which reason they have consented and agreed, and hereby do consent and agree, to live separate and apart from each other during their natural life " it set forth the following covenant: " The said party of the first part, in consideration of the premises, and in pursuance thereof, does hereby covenant, promise and agree to and with the said trustee, and also to and with his said wife, that it shall and may be lawful for her, his said wife to live separate and apart from him."

In *Poillon* v. *Poillon* (49 App. Div. 341) a contract of separation entered into between husband and wife was under consideration. The court stated that " The contract in evidence recited that various unhappy and insurmountable differences had arisen and still existed between the said parties, which rendered it inadvisable and impossible for them to live together as husband and wife, and that in consequence of such difficulties they had mutually consented and agreed, and ' by these presents do mutually consent and agree, to hereafter live separate and apart from each other.' " The court concluded that it was a necessary inference from the words employed " that the parties were living together when the paper was signed, and it was an essential part of the agreement that they should thereafter separate." The recital and promise there considered were substantially identical with the recital and promise under consideration here, the words of which are quoted above. That case is, therefore, an exact authority for the proposition that the correct inference to be drawn from this contract is, that Ella M. Dowie and Harry Dowie were living together as husband and wife at the time of its execution, and that the purpose of the contract was to achieve a future separation. A contract of

this nature made by husband and wife while living together is against public policy, and void. (*Pettit* v. *Pettit*, 107 N. Y. 677; *Galusha* v. *Galusha*, 116 id. 635; *Winter* v. *Winter*, 191 id. 462; *Poillon* v. *Poillon, supra; Sunderlin* v. *Sunderlin*, 123 App. Div. 421.) In *Winter* v. *Winter* it was said: "Agreements like the one considered in *Pettit* v. *Pettit*, and the one now before us, if made while the parties are still living together, are held void as against public policy where it is an essential part thereof that they should thereafter separate." It is true that in *Clark* v. *Fosdick* (118 N. Y. 7), a case decided by the Second Division of the Court of Appeals, it was held that a contract for "immediate" separation, entered into between husband and wife then living together, was a valid contract, but that decision, while it has not been expressly repudiated, has clearly been overborne by subsequent decisions.

The plaintiff urges that a contract made on the 1st day of October, 1892, between Charles Moore and Helen M. Colbus of the first part, and Harry Dowie of the second part, is proof, as against the estate of Harry Dowie, that on the 22d day of April, 1896, the date of the separation agreement, Harry Dowie and the plaintiff were not living together as husband and wife. By that contract Charles Moore and Helen M. Colbus agreed to furnish rooms and board at the premises of Harry Dowie to Ella M. Dowie for a period of five years. In consideration thereof Harry Dowie agreed to lease such premises, consisting of the Dowie farm and dwelling house in the town of Andes, N. Y., where the parties of the first part then resided, to such parties for a term of five years, and in addition thereto to pay them the sum of $500 annually. Clearly, the contract was in itself no proof that husband and wife were then living apart or that they thereafter separated. The contract may never have been carried out. Ella M. Dowie, who was not a party thereto, may never have chosen to accept the benefits thereof. Nor is it inconsistent with the conditions attempted to have been established that Harry Dowie thereafter lived on the demised premises or elsewhere with Ella M. Dowie in the relationship of husband and wife. In any event the contract, which was made in the year 1892, could not inform us as to the conditions which existed in the year 1896. The only witness who attempted to give proof upon the subject of the married relationship of Ella M. Dowie and Harry Dowie in the latter year was Elizabeth Sandford, a sister of the plaintiff. She testified that the plaintiff and Harry Dowie were married in the year 1870; that they lived for the year following in Andes, N. Y.; that for the two years following they lived in New York city; that thereafter they lived in Jersey City, N. J., until 1879; that thereafter they lived in New York city until 1883; that

they then returned to Andes, N. Y., to live.   Under objection and exception, she testified that on April 22, 1896, the date of the separation agreement, Harry Dowie lived in New York city, while Ella M. Dowie lived in the village of Andes.   It appeared, however, that the witness had no personal knowledge upon the subject. After testifying that she visited the Moore and Colbus families in Andes, N. Y., in the year 1885, she was asked: " Were you there later, after this lease, which is dated in 1892, was made? " and she answered: " I can't recall."   She was then asked if she were there " when Mrs. Dowie was living with the Moores or with Mr. and Mrs. Colbus," and she answered: " I think not, I am not quite clear about that."   It is obvious that the witness in testifying that the Dowies, prior to the date of the contract in suit, ever lived apart, made a statement based entirely upon hearsay.   Therefore, no legal evidence was given of the existence of an actual separation between husband and wife at the time of the making of the contract. Consequently, upon the proof given the contract was unlawful and unenforcible.

Harry Dowie, by the contract in suit, promised to pay Helen M. Moore, as the trustee of the plaintiff, the sum of five hundred dollars a year " so long as she shall furnish board and lodging and make a home for his said wife in her family," and in addition thereto to pay his wife the further sum of ten' dollars per month during her life.   He then agreed that " should anything occur whereby said trustee can not or will not further furnish a home for said wife, and said wife shall be compelled to seek a new home, then and in that event the party of the first part shall and will pay or cause to be paid to his said wife the sum of $23 per month."   The record is barren of proof that Helen M. Moore, as trustee, ever refused to furnish a home to the plaintiff, or that circumstances arose which made it impossible for her to furnish it.   There was no proof, therefore, that the condition precedent necessary to be fulfilled before an obligation was cast upon the husband to pay to his wife the sum of twenty-three dollars per month, was ever fulfilled.   A recovery, based upon the non-performance of an obligation to pay that monthly sum, was, therefore, unwarranted.

The judgment should be reversed and a new trial granted.

KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.   The court dis- approves of findings of fact numbered two, five and seven.