ELIZABETH M. FIVES, Plaintiff, Respondent, *v.* WILLIAM E. FIVES, Defendant, Appellant.

Supreme Court, Appellate Term, Second Department, March, 1924.

**Husband and wife — separation — agreement for immediate separation and for payments by husband to wife is valid.**

An agreement between a husband and wife, providing that from the date thereof they shall live separate and apart from each other and free from marital control or authority by either over the other and providing also for payments by the husband to the wife for her support and maintenance and the education and maintenance of a child, is valid and enforcible.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, sixth district, entered in favor of the plaintiff after a trial before the court without a jury.

*Benjamin Cohn,* for appellant.

*Otto J. Christ,* for respondent.

MACCRATE, J. Plaintiff and defendant entered into an agreement which recited the marriage of the parties and the issue thereof, and that the parties had consented and agreed to live separate and apart from each other, and, after setting forth the consideration of one dollar paid by each of the parties to the other, and other good and valuable considerations, provided:

" *First.* That the respective parties to this agreement shall live separate and apart from each other on and after the date of this agreement and free from marital control or authority by either over the other."

The contract also provided for the custody of the child of the parties and for payment of twenty-five dollars per week by the

42

husband to the wife for the support and maintenance of the wife during her life and the education and maintenance of the child.

The defendant made some payments to the plaintiff but refused to make further payments on the ground that the agreement is void by reason of section 51 of the Domestic Relations Law, whereupon this action was brought in which plaintiff has had judgment.

Therefore, the question is squarely presented: Is an agreement providing for immediate separation and payments by a husband to a wife void?

In *Carson* v. *Murray*, 3 Paige, 483, 501, it is said: " It has, however, long since become the settled law in England, that a valid agreement for an immediate separation between a husband and wife, and for a separate allowance for her support, may be made through the medium of a trustee. And as many of the decisions which have gone the greatest length on this subject took place previous to the Revolution, they have been recognized here as settling the law in this state to the same extent." In that case there was, it is true, a trustee, but the Court of Appeals in *Winter* v. *Winter*, 191 N. Y. 462, used this language: " In view of the legislation which permits husbands and wives to contract directly with each other, any contract for separation and support, which they could formerly have made by means of a trustee, they can now make without one." P. 472. It is to be observed that the opinion in *Winter* v. *Winter* cited and quoted extensively from the case of *Carson* v. *Murray*, *supra*. While the citation and quotation were made to support the ruling that agreements made after husband and wife separated are valid, the case of *Carson* v. *Murray*, *supra*, involved an agreement for immediate separation. In support of the conclusion reached in *Winter* v. *Winter*, there was also cited the case of *Clark* v. *Fosdick*, 118 N. Y. 7. That case, like *Carson* v. *Murray*, involved an agreement for immediate separation. It is a fair inference that the Court of Appeals did not intend to disapprove of the conclusion reached in each of these cases, and did not intend to say that contracts like those involved in the *Carson* and *Clark* cases still required a trustee.

In controversies with reference to separation agreements, a frequent citation is *Galusha* v. *Galusha*, 116 N. Y. 637. Therein it is stated: " Marriage is favored in the law, and as a contract not to marry is against public policy, and void, so, too, is a contract between husband and wife to be divorced, or in the happening of a future event to live apart.

" But while a contract to separate in the future is void, it is now too well settled, both in England and this country, to admit of discussion, that after a separation," etc.

This language is followed by a citation of the *Carson* case. The citation of the *Carson* case in connection with this language emphasizes the kind of contract condemned, viz., a contract between husband and wife " in the happening of a future event to live apart."

*Poillon* v. *Poillon*, 49 App. Div. 341, is also much cited to sustain the proposition that separation agreements made while the parties are actually living together are void. It is significant, however, that in that case *Clark* v. *Fosdick, supra,* is cited and this language is used: " In this case it appears by necessary inference that the parties were living together when the paper was signed, and it was an essential part of the agreement that they should thereafter separate, although no sufficient reason appears to warrant their doing so." Here again we have language which, read with the authority cited in its support, clearly suggests that only contracts looking to a future separation are invalid. Notwithstanding its citation of the case of *Clark* v. *Fosdick, supra,* the case of *Poillon* v. *Poillon, supra,* has been made the basis of a decision wherein it is said: " It is true that in *Clark* v. *Fosdick* (118 N. Y. 7), a case decided by the Second Division of the Court of Appeals, it was held that a contract for ' immediate ' separation, entered into between husband and wife then living together, was a valid contract, but that decision, while it has not been expressly repudiated, has clearly been overborne by subsequent decisions." *Dowie* v. *DeWinter,* 203 App. Div. 302, 304. In support of this statement no cases are cited.

Akin to the statement quoted from the last cited case, is the following from the opinion in *Tirrell* v. *Tirrell,* 107 Misc. Rep. 179: " The rule of the *Clark* case has been abrogated by legislative enactment." In that case reference is made to section 51 of the Domestic Relations Law and its predecessor (Laws of 1892, chap. 594), and *Weeks* v. *L'Ecluse,* N. Y. L. J. Nov. 16, 1917; affd., without opinion, 183 App. Div. 928, wherein the rule in *Clark* v. *Fosdick* is distinguished. In the *Tirrell* case the finding of the trial court was: " That the said separation agreement was an agreement to separate in the future. That the parties so separated after the making of it and because of it." The Appellate Division in the first department (190 App. Div. 463) reversed this finding and found that the parties were separated at the time of the agreement. In the Court of Appeals, however (232 N. Y. 224), the finding of the trial court was specifically adopted, as was likewise the conclusion that the particular agreement therein was inequitable. It was, therefore, unnecessary for the Court of Appeals to refer, and it did not refer, to the language quoted from the

opinion at Special Term in regard to the effect of legislation on the rule followed in *Clark* v. *Fosdick*. Moreover, the authorities antedating the Domestic Relations Law support the decision of the Court of Appeals. Therefore, the decision by the Court of Appeals in the *Tirrell* case ought not to be considered as approving all that was said in the opinion rendered in that case at Special Term.

When chapter 594 of the Laws of 1892 is read in the light of the controlling decisions at the time of its enactment, and when it is remembered that it was but one of a series of statutes granting rights to married women, the conclusion that it was the legislative purpose to destroy existing rights of contract does not seem warranted. Had it been intended to deny a right recognized before the Revolution, the legislature would undoubtedly have specifically so declared. If it be assumed that the legislature intended to destroy rights of contract long recognized, contracts such as that considered in *Winter* v. *Winter, supra*, would appear equally within the condemnation of the statute as those for immediate separation. It is said that contracts made when the parties are living apart do not bring about a separation, and, therefore, do not alter or dissolve the marriage. Nevertheless, if they do not bring about the existing separation, many of these agreements carry out oral understandings made while the parties are living together, and all of them provide for the future conduct of the parties toward each other and for the continuation of the separation. The surer basis for the validity of such agreements is suggested by the *Winter Case, supra*, viz., a legislative intent not " to change but to preserve the law as it previously existed." On that basis, the agreement herein is equally good and enforcible.

Judgment affirmed, with twenty-five dollars costs.

CROPSEY and LAZANSKY, JJ., concur.

Judgment affirmed.